## CHARLES H. NETHERSON CO. v. OKLAHOMA WASTE MATERIAL CO.

### No. 3004.

Court of Civil Appeals of Texas.
Eastland.
May 1, 1953.

Rehearing Denied May 29, 1953.

Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

Corenbleth, Thuss & Jaffe, Dallas, for appellee.

LONG, Justice.

Appellant, Charles H. Netherson, instituted this suit against appellee on two non-negotiable notes. Upon a trial before the court without a jury, judgment was rendered that appellant take nothing, hence this appeal.

The trial court filed findings of fact and conclusions of law as follows:

"Findings of Fact:

"1. On or about April 8, 1950 the defendant signed an instrument in writing which read as follows:

"'Non Negotiable Note
"'April 8, 1950

"'For in consideration of One Thousand One Hundred Sixty-Two Dollars and fifty cents ($1,162.50) treated as a down payment on an installment Sales Contract of even date herewith, to Charles H. Netherson & Co., 2310 Singleton Blvd., Dallas, Texas, receipt of which is hereby acknowledged, we promise to pay the said Chas. H. Netherson & Co.; the same sum of $1,162.50 after date at our convenience with 4% interest per annum payable annually.

"'Oklahoma Waste Material Co.
/S/ Sam Blend, President.'

"2. On or about May 15, 1950 the defendant signed an instrument in writing which read as follows:

"'Non Negotiable Note
May 15, 1950

"'For and in consideration of Two Thousand Nine Hundred Thirty-Two Dollars and Thirteen cents ($2,932.13) treated as a down payment on an installment sales contract of even date herewith, to Chas. H. Netherson & Co., 2310 Singleton Blvd., Dallas, 8, Texas, receipt of which is hereby acknowledged, we promise to pay to the said Chas. H. Netherson & Co. the said sum of $2,932.13 after date at our convenience with 4% interest per annum payable annually.

"'Oklahoma Waste Material Co.
/S/ Sam Blend, President.'

"3. Neither of said instruments have ever been paid in whole or in part.

"Conclusions of Law

"1. The non-negotiable notes above referred to and executed by defendant were delivered conditionally to the plaintiff, the condition being that they would be paid at the convenience of the defendant.

"2. The plaintiff sued upon the notes in question and in his suit relied upon said notes but the plaintiff did not plead and did not prove that the condition upon which the notes were delivered had ever been fulfilled.

"3. The delivery of said notes having been made upon a condition and such condition having been neither pleaded nor proved, plaintiff cannot recover upon the same."

The court was correct in concluding that the notes were payable at the con-

venience of appellee and that it was necessary for appellant to both plead and prove that the condition upon which the notes were delivered had been fulfilled. Salinas v. Wright, 11 Tex. 572; Shackelford v. Neilon, Tex.Civ.App., 100 S.W.2d 1037.

 Appellant treated said notes as being demand notes. We do not so construe the notes. They were delivered upon condition and were payable at the convenience of appellee. Under the well established law of this State, it was incumbent on appellant to establish that the condition upon which the notes were delivered had been fulfilled. Appellant failed in this respect and, therefore, was not entitled to a judgment for the principal of the notes. However, as we construe the notes, it is our opinion that appellant was then entitled to recover the interest thereon. As a general rule, unless otherwise contracted, interest is payable when a debt on which it accrued becomes due. Hurley v. Knox, Tex.Civ.App., 244 S.W.2d 557; Parsons v. Parsons, Tex.Com.App., 284 S.W. 933. The notes involved provide that appellee will pay to Netherson & Company the principal sum "after date at our convenience with 4% interest per annum payable annually." If the notes had provided for 4% interest per annum without the additional provision "payable annually" appellant could not collect interest until the debt became due. But the notes specifically provide that the interest thereon is payable annually. Therefore, it is our considered opinion that appellant was entitled to recover interest on the notes.

Appellant contends the court erred in entering a take nothing judgment against him and that the proper judgment under the facts should have been a dismissal, without prejudice. We agree with appellant in this contention. The court refused recovery on the notes because appellant failed to show that they were then due. In other words, the court held that the suit was prematurely brought. We believe the court should have entered judgment dismissing the suit as to the principal debt without prejudice to the right of appellant to bring suit at a time when the maturity of the debt can be shown.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.