Agnes THIGPEN, Appellant,

v.

George R. THIGPEN et al., Appellees.

No. 15895.

Court of Civil Appeals of Texas, San Antonio.

March 15, 1978.

Rehearing Denied April 12, 1978.

James H. Pearl, Casseb, Leon, Rodgers, Strong & Pearl, San Antonio, for appellant.

Joseph Y. Stateson, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit on a promissory note by Agnes Thigpen against the independent executors of the estate of Conley M. Thigpen, deceased. The parties will be herein referred to as they were in the trial court. Defendants filed an answer in which they asserted: (1) the statute of limitations bars the action; (2) there was no consideration given for the note in question; (3) a general denial. Trial was to the court without a jury and the trial court entered a judgment that plaintiff take nothing.

The trial court made findings of fact which may be summarized as follows: (a) Conley M. Thigpen died on November 20, 1976, and George R. Thigpen and Perry Metheny qualified as joint independent executors of the estate on December 29, 1976; (b) the deceased, Conley M. Thigpen, signed a note admitted into evidence as Movant's Exhibit No. 1; (c) such note is dated October 29, 1952, is in the principal sum of $2,500.00, and is a printed form of note; (d) in addition to the printed clauses, the following words were added in a separate paragraph: "THIS NOTE PAYABLE AT CONVENIENCE, DUE ON DEMAND FROM ESTATE AT DEATH OF CONLEY M. THIGPEN. THIS NOTE NULL AND VOID AT DEATH OF AGNES THIGPEN."; (e) proof was offered as to the maker's signature on the note; however, the court did not hear sufficient independent evidence to establish consideration upon the part of Agnes Thigpen. Due to such lack of evidence and because of the additional words added to the note, ". . . PAYABLE AT CONVENIENCE, DUE ON DEMAND FROM ESTATE AT DEATH OF CONLEY M. THIGPEN. THIS NOTE NULL AND VOID AT DEATH OF AGNES THIGPEN," the note lacked mutual consideration.

The court, in its conclusions of law, concluded that there was insufficient evidence

to establish and prove that the note was in fact an enforceable note with consideration which could be honored as such, that would create an obligation against the estate of Conley M. Thigpen approximately 25 years after the making of said note.

Plaintiff is the divorced wife of Conley M. Thigpen. Mr. Thigpen died on November 20, 1976 and suit was filed on the note on March 2, 1977. Plaintiff's petition recited due demand for payment of the note and that a proper claim was filed in the probate court with the executors, which claim was neither approved nor rejected. Plaintiff sought recovery in the amount of the debt, which is alleged to be $10,223.50, and attorney's fees in at least the amount of $1,022.35.

The note is in the principal sum of $2,500.00 and is in a printed form of an installment note, with all payment dates left blank. The note contains a provision for payment of interest, but the applicable blanks, including the rate of interest and date of payment, are all left blank. The note contains the usual and customary provision with regard to default and acceleration of maturity; provides for reasonable attorney's fees; and is payable in San Antonio, Bexar County, Texas. In this printed form has been added this additional writing, "THIS NOTE PAYABLE AT CONVENIENCE, DUE ON DEMAND FROM ESTATE AT DEATH OF CONLEY M. THIGPEN. THIS NOTE NULL AND VOID AT DEATH OF AGNES THIGPEN." The note is signed by Conley M. Thigpen.

By a number of points of error, plaintiff urges that the trial court erred in holding that (a) the note was unenforceable because of lack of consideration; (b) there was not sufficient independent evidence to establish consideration for the note; (c) the burden of proof of consideration was on plaintiff; (d) the note was rendered unenforceable by the passage of 25 years from the date of making of the note. Plaintiff also urges that the trial court erred (a) in excluding certain testimony of Agnes Thigpen as to consideration; and (b) in granting a take nothing judgment against plaintiff because

under the evidence the plaintiff was entitled to a judgment in the amount of $2,500.00 principal, interest in the amount of $7,925.98, and attorney's fees.

We will first consider plaintiff's point of error pertaining to want of consideration. During the trial defendants moved that it was plaintiff's burden to prove consideration for the note, and the court granted such motion and held that the burden of proving consideration was on plaintiff. Plaintiff contends that this holding is error. She asserts that she made out a prima facie case by introducing the note in question, which contained a recitation, "FOR VALUE RECEIVED," and by proof: (a) that she was the holder of the note; (b) that Conley M. Thigpen owed the note; (c) that the note was due and payable; (d) that demand for payment had been made, and (e) that the note had not been paid.

Our Supreme Court, in *Winters v. Langdeau*, 360 S.W.2d 515 (Tex.1962), said:

> Of course the burden of proving failure of consideration is upon the pleader. Vol. 1 McCormick & Ray, on Evidence, § 113; *Tolbert v. McBride*, 75 Tex. 95, 12 S.W. 752; *Newton v. Newton*, 77 Tex. 508, 14 S.W. 157; *Kothmann v. Southwestern Co.*, Tex.Civ.App., 1935, 92 S.W.2d 272.

The rule is set forth in *Lemon v. Walker*, 482 S.W.2d 713 (Tex.Civ.App.—Amarillo 1927, no writ), thusly:

> Appellee introduced in evidence the note sued upon, which recited that it was given 'for value received,' and testified that the note was due and unpaid, thereby establishing a prima facie entitlement to judgment, unless recovery could be defeated by proof of want or failure of consideration. Appellant's sworn denial of consideration read to the jury did not shift the burden of proof from him, but merely put the matter in issue upon which he had the burden of proof. *Wright v. Robert & St. John Motor Co.*, 122 Tex. 278, 58 S.W.2d 67 (1933).

In 2 McDonald, Texas Civil Practice § 7.35 (1970), it is said:

> When the plaintiff's claim is founded upon a written contract, defendant must

plead under oath that such instrument 'is without consideration, or that the consideration of the same has failed in whole or in part.' The written contract imports consideration, and even after a sworn plea the plaintiff may offer the instrument in evidence to show prima facie his right. The burden is on the defendant to show the alleged lack or failure of consideration. The sworn plea, therefore, merely opens the way for evidence to be offered by the defendant, rather than imposing upon the plaintiff an additional burden.

*See also Decor Dimensionals, Inc. v. Smith*, 494 S.W.2d 266 (Tex.Civ.App.—Dallas 1973, no writ); *Preston v. Williams*, 427 S.W.2d 157 (Tex.Civ.App.—Eastland 1968, no writ); *Lewis v. Ada Employees Credit Union*, 383 S.W.2d 864 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); *Chastain v. Texas Christian Missionary Soc.*, 78 S.W.2d 728 (Tex. Civ.App.—El Paso 1935, writ ref'd); *Shaw v. McShane*, 50 S.W.2d 278 (Tex.Comm.App. 1932, opinion adopted); *Newton v. Newton*, 77 Tex. 508, 14 S.W. 157, 158 (1890).

It is clear from an examination of the entire record that the defendants wholly failed to prove a lack of consideration. After the note had been introduced into evidence, plaintiff identified Conley M. Thigpen's signature thereon and testified that the note was due and payable; that no payments had been made; that she made a demand for payment; and that she timely filed the claim in the probate court. She further testified as to the amounts due on such note. The only other testimony in this regard was by one of the independent executors, who testified that the note was presented to him for payment but that the payment was refused; that he felt a moral obligation to pay the note because he recognized the signature on the note as that of his brother, Conley; that he knew of no obligations of Conley's to Agnes which could be evidenced by the note, but that as far as he knew, the recitation "FOR VALUE RECEIVED," is correct.

■ It is apparent that the defendants and the court relied on the erroneous assumption that the burden to prove consideration was on plaintiff, and the court so held. The trial court erred in holding (a) that the burden of proof was on plaintiff to prove consideration; and (b) that there was not sufficient proof of consideration under the record.

■ The only other basis upon which the judgment might be upheld is the plea of limitations. While the court made no direct holding with regard to limitations, the court stated in its conclusions of law that there was insufficient evidence to establish and prove that the alleged note was in fact an enforceable note with consideration which could be honored as such, which would create an obligation against the estate approximately 25 years after a making of such note. This conclusion seems to be predicated on lack of consideration and we know of no rule of law that the mere fact that a note is 25 years old makes it an unenforceable note. The applicable statute of limitations, Art. 5527, Tex.Rev.Civ.Stat.Ann. (1958), provides that an action for debt, where the indebtedness is evidenced by or founded upon a contract of writing, shall be commenced and prosecuted within four years after the cause of action shall have accrued.

Art. 3.122, Tex.Bus. & Comm.Code Ann. (1968), provides that a cause of action against a maker accrues (a) in the case of a time instrument, on the day after maturity; and (b) in the case of a demand instrument, upon its date, or if no date is stated, on the date of issue.

■ Plaintiff here contends that the note in question is not a demand note and defendants agree. Defendants, however, assert that since plaintiff seeks to collect interest on the note from its date, and since no interest was ever paid on the note, limitation began to run on the failure of the maker to pay interest one year after the date of the note. We do not agree with this contention.

The herein note was due on demand from the estate at the death of the maker. It did not mature, and was not payable until this

event happened and the statute of limitations did not begin to run until that date. The herein suit was brought shortly after the death of Conley M. Thigpen and well within four years.

Our Supreme Court, in *Ferguson v. Mansfield*, 114 Tex. 112, 263 S.W. 894 (1924), said:

It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has happened. [Citations omitted.]

*Washington v. Martin*, 503 S.W.2d 330 (Tex.Civ.App.—Amarillo 1973, no writ), was a suit where the note in question was a demand instrument on its face, but there was evidence of an intent by the parties that the note was not effective until the death of the makers. The court said:

If entitled to consideration, the evidence establishes that the parties did not intend the note to have any effect until the occurrence of the deaths of both R. M. Martin and Myrtle Martin. Where a condition precedent to a right of action on a note exists, the cause of action does not accrue and the statute of limitations does not begin to operate until the condition is performed. *Dunn v. Reliance Life & Accident Ins. Co. of America*, 405 S.W.2d 389 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.).

While we do not construe the court's conclusion of law as a holding that the suit was barred by limitations, if the court so held, its holding was in error.

Because of the errors hereinbefore discussed, this case must be reversed.

■ It is clear under the record that plaintiff is entitled to a rendition of the amount of principal. She is also entitled to a rendition of whatever interest which may be due, but a more difficult question is as to the amount. Plaintiff asserts primarily that she is entitled to interest from the date of the note, citing in support of this contention, the cases of *Stahl Petroleum Corp. v. Phillips Petroleum Co.*, 550 S.W.2d 360 (Tex.Civ.App.—Amarillo 1977, no writ) and

*Orbeck v. Alfei*, 276 S.W. 947 (Tex.Civ.App. —Waco 1925, no writ). We do not consider these cases as controlling. As a general rule, unless otherwise contracted, interest is payable upon a debt when the debt upon which it accrues becomes due, and cannot be collected and does not begin to run before such maturity. *Charles Netherson Co. v. Oklahoma Waste Material Co.*, 258 S.W.2d 369 (Tex.Civ.App.—Eastland 1953, no writ); *Hurley v. Knox*, 244 S.W.2d 557 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n. r. e.); *Parsons v. Parsons*, 284 S.W. 933 (Tex.Comm.App.1926, opinion adopted); *Trevathan v. Hall & Son*, 209 S.W. 447 (Tex.Civ.App.—San Antonio 1919, no writ); *Askew v. Bruner*, 205 S.W. 152 (Tex.Civ. App.—Amarillo 1918, no writ). There are some exceptions to this rule, but such exceptions are not here applicable.

It is to be remembered the note does not set forth the rate of interest. Plaintiff relies on Art. 5069–1.03, Tex.Rev.Civ.Stat. Ann. (1971), which reads:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; . . . .

By the very terms of this article, interest is allowed on the principal only after the principal is due and payable.

■ We have held that the herein note was payable on demand upon the death of Conley M. Thigpen. Conley M. Thigpen died on November 20, 1976, and demand for payment was made on January 7, 1977. Under the record, plaintiff is entitled to recover principal in the sum of $2,500.00, and interest on said sum from January 7, 1977 to the date of judgment. That portion of the judgment denying plaintiff any recovery for principal and interest on the note is reversed, and judgment is here rendered that plaintiff recover from defendants the amount above set forth.

■ Under the record, plaintiff is also entitled to attorney's fees. The note in-

volved provides that in the event of the maturity of the note from any cause, and default is made in the payment thereof, or if suit is brought or same is collected through the probate court or bankruptcy courts, then, in that event, the maker shall pay reasonable attorney's fees in addition to principal and interest due thereon. All parties agree that the amount and reasonableness of the attorney's fees have not been fully developed. Under authority of Rule 434, Tex.R.Civ.P. (1978), the issue of attorney's fees is severed and reversed and remanded to the trial court for determination of the amount of attorney's fees.