**John W. TAYLOR, Appellant,**

v.

**FRED CLARK FELT COMPANY,**
**Appellee.**

**No. 1795.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 7, 1978.

Rehearing Denied June 28, 1978.

Roy E. Hungerford, Houston, for appellant.

C. John Mayer, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment granted the appellee in its suit on a promissory note.

John W. Taylor (appellant), individually and doing business as John Taylor Co., is the maker of a promissory note for $22,-862.19 payable to the order of Fred Clark Felt Company (appellee). The appellee filed suit on the note on June 17, 1977. The appellant's first amended answer contained a general denial and allegations of payment and fraud in the inducement. The appellee subsequently filed a motion for summary judgment, which was granted on September 27, 1977.[1]

The appellant asserts, in his first point of error, that the trial court erred in granting summary judgment because the appellee's counsel failed to verify that Fred Clark Felt Company was the present owner and holder of the note and was entitled to receive payment thereunder and that he had personal knowledge of that fact. We note, initially, that summary judgment is a harsh remedy, and it may be upheld only if

---

1. Amendments to Tex.R.Civ.P. 166–A, effective January 1, 1978, are inapplicable in this case since judgment was rendered prior to that date.

the record establishes the movant's right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.Sup.1975); Tex.R.Civ.P. 166–A. Rule 166–A, the summary judgment rule, is therefore strictly construed against the movant, and summary judgment should be granted only if the record establishes as a matter of law that there is no genuine issue as to any material fact in the case. *In re Price's Estate*, 375 S.W.2d 900 (Tex.Sup.1964).

In order to show himself entitled to summary judgment in a suit on a promissory note in which the defendant has made a general denial, the plaintiff must establish that he is the present legal owner or holder of the note sued upon. *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.Sup.1970). A holder of a note is the person in possession of a note "drawn, issued or indorsed to him or to his order or to bearer or in blank." Tex.Bus. & Comm.Code Ann. § 1.201(20) (Tex.UCC 1968). Even if he is not the owner thereof, the holder of a note may enforce payment of the note in his own name. Tex.Bus. & Comm.Code Ann. § 3.301 (Tex.UCC 1968).

The appellee's summary judgment proof in this case consisted of a copy of the promissory note and the affidavit of the appellee's counsel, wherein he stated that he was the attorney of record for the appellee, that the attached copy of the promissory note was true and correct, and that he had the original of the note in his possession and was prepared to tender it into court at such time as judgment was rendered. The sworn copy of the note shows on its face that it was issued to the order of the appellee. It can be reasonably inferred from the statements contained in the affidavit that appellee's counsel possessed the original of the note in his capacity as agent for the appellee. We hold, therefore, that the appellee presented sufficient summary judgment evidence that it was the holder of the note.

We agree with the appellant that the affidavit of the appellee's counsel was defective since it did not show affirmatively that it was made upon personal knowledge.

*Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.Sup.1962); *see* Tex.R. Civ.P. 166–A(e). Because the appellant failed to object to the failure of the affidavit to make that affirmative showing, however, that formal defect will not furnish a basis for disturbing the summary judgment on appeal. *Youngstown Sheet & Tube Co. v. Penn, supra.*

The appellant asserts, in his second point of error, that the trial court erred in granting summary judgment because the appellant pleaded and raised fact issues concerning failure of consideration, fraud in the inducement, and payment. Those matters are affirmative defenses. Tex.R.Civ.P. 94. The mere pleading of an affirmative defense does not prevent the rendition of summary judgment for a plaintiff who has established the nonexistence of disputed fact issues in his claim for relief. *Hudnall v. Tyler Bank and Trust Company*, 458 S.W.2d 183 (Tex.Sup.1970). The plaintiff need not negative all affirmative defenses pleaded by the defendant; in order to show that there is a disputed fact issue which will preclude the rendition of summary judgment for the plaintiff, the defendant must offer summary judgment proof on each element of at least one of the affirmative defenses that it has pleaded. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.Sup.1974).

The summary judgment proof presented by the appellant at the hearing consisted of the affidavits of John Taylor and a bookkeeper for John Taylor Co. The appellee alleges that neither affidavit contains a seal as required by Tex.Rev.Civ.Stat. Ann. art. 23, § 18 (1969), and, therefore, the affidavits are fatally defective. We reject that argument. Although our copies of these two affidavits do not contain *visible* seals, neither does the copy of the affidavit of the appellee's counsel. In any event, the lack of a seal is a purely formal defect, and we assume that in this case the deficiencies, if any, would have been corrected by the appellant upon exception by the appellee prior to the conclusion of the hearing on the summary judgment. It was incumbent upon the appellee to except to the affida-

vits prior to or during the hearing. Having failed to do so, it is precluded from objecting for the first time on appeal to the admission of the affidavits on that basis. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.Sup.1962). This court will not assume the responsibility of searching out the originals of all documents in appellate records, where exceptions to those documents are made for the first time on appeal, in order to verify that those documents were filed with the trial court in proper form.

 The appellee also alleges that each of the affidavits contains an acknowledgment rather than a jurat, and, therefore, both are fatally defective for that reason. Each affidavit concludes with the sentence:

BEFORE ME, the undersigned authority, on this day personally appeared [the affiant], known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged, and swore to me that the statements made therein are true and correct.

Although written in the form of an acknowledgment, the sentence does not purport to be a statement that the affiant executed a written instrument for the consideration and purposes therein stated. *See* Tex.Rev.Civ.Stat.Ann. arts. 6603, 6607 (1969). The sentence is, rather, an oath which complies with the requirements of Tex.Rev.Civ.Stat.Ann. art 23, § 18 (1969). We hold, therefore, that the affidavits were not fatally defective.

 The appellee contends that the two affidavits filed by the appellant were not properly before the trail court because they were filed during the course of the hearing on the summary judgment. Prior to January 1, 1978, Tex.R.Civ.P. 166–A(c) provided·for the filing of opposing affidavits prior to the day of the summary judgment hearing. That provision was regarded as directory only; it was within the discretion of the trail court to allow opposing affidavits to be filed on or following the day of the summary judgment hearing. *Axcell v. Phillips,* 473 S.W.2d 554 (Tex.Civ. App.-Houston [1st Dist.] 1971, writ ref'd n.r.e.). The appellee failed to allege an abuse of discretion by the trial court in accepting the opposing affidavits. The affidavits were properly before the trial court and, therefore, should be considered in determining whether the appellant raised fact issues concerning failure of consideration, fraud in the inducement, and payment.

 There is a rebuttable statutory presumption that a written instrument imports consideration. *Thigpen v. Thigpen,* 563 S.W.2d 868 (Tex.Civ.App.-San Antonio 1978, no writ history); *Maykus v. Texas Bank & Trust Co. of Dallas,* 550 S.W.2d 396 (Tex.Civ.App.-Dallas 1977, no writ); *see* Tex.Rev.Civ.Stat.Ann. art. 27 (1969). The two opposing affidavits filed by the appellant contain statements that John Taylor Co. had no record of ever receiving the goods for which the promissory note was issued and that it was the customary practice of that company to keep records of the receipt of such goods. That summary judgment evidence counters the presumption of consideration and raises the inference that the goods were never delivered. *See* Tex. Rev.Civ.Stat.Ann. art. 3737e, § 3 (Supp. 1978). The appellant having raised a fact issue concerning the affirmative defense of failure of consideration, the trail court erred in granting summary judgment. *Hudnall v. Tyler Bank and Trust Company,* 458 S.W.2d 183 (Tex.Sup.1970).

The judgment of the trial court is hereby reversed, and the case is remanded for a trial on the merits.

Reversed and remanded.