704 S.W.2d 373 (1985)
William C. RICHARDSON, Appellant,
v.
OFFICE BUILDINGS OF HOUSTON, Appellee.
No. B14-85-071-CV.
Court of Appeals of Texas, Houston (14th Dist.).
August 22, 1985.
*374 James Boanerges, Houston, for appellant.
David L. Sheller, Houston, for appellee.
Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.
PAUL PRESSLER, Justice.
This is an appeal from a summary judgment granted on a promissory note.
The parties entered into a contract whereby appellee was given the non-exclusive right to sell appellant's office building and to receive a commission of six percent if it sold the property during the term of the contract which was from October 1 to December 31, 1983. If appellant sold the property after the agreement expired to a buyer with whom the appellee had had negotiations and of whom appellee had notified appellant in writing, appellee was to be paid the commission.
Appellee located a buyer for appellant's property, and the sale was closed on December 31, 1983. On January 18, 1984, appellant delivered to appellee a promissory note for $21,750, with interest, in payment of the real estate commission. The note stated that in the event of default, the *375 maker (appellant) agreed "to pay all expenses incurred, including an additional 10% of the amount of principal and interest hereof as attorney's fees." The note's due date of April 18 was extended by agreement of the parties to June 18, 1984. Appellant failed to pay the note by that date.
Appellee filed suit against appellant for the principal of the note plus interest and attorney's fees. Following appellant's answer, appellee moved for summary judgment. The trial court granted the motion for the full amount of the note plus interest. At a separate evidentiary hearing on the reasonableness of attorney's fees, the court awarded appellee $8000 for attorney's fees.
Appellant presents three points of error. In the first, he claims the trial court erred in granting summary judgment, as the evidence established that there was no consideration for the promissory note because no real estate commission was due. This argument was based upon the brokerage contract's being non-exclusive. Appellant had obtained an affidavit from the buyer in which he stated that he and appellee negotiated briefly within the contract term for the sale of the property, but he and appellant were unable to come to terms and "the matter was dropped in mid-October, 1983." Then in mid-December the buyer contacted appellant directly and they agreed to terms for the purchase of the property and closing. He stated that in his opinion appellee had been an obstacle in prior negotiations and that the sale was consummated in spite of its efforts. Appellant claims that as appellee did not sell the property, it was not entitled to a commission.
The burden of proof is on the appellant to prove lack of consideration. Thigpen v. Thigpen, 563 S.W.2d 868, 870 (Tex.Civ.App.San Antonio 1978, writ ref'd n.r.e.), citing Winters v. Langdeau, 360 S.W.2d 515, 516 (Tex.1962). It is a rebuttable statutory presumption that a written instrument is prima facie proof of consideration. Taylor v. Fred Clark Felt Co., 567 S.W.2d 863, 867 (Tex.Civ.App.Houston [14th Dist.] 1978, writ ref'd n.r.e.); See Lemon v. Walker, 482 S.W.2d 713, 714 (Tex.Civ.App.Amarillo 1972, no writ). Where the claim is founded on a written contract, the defendant must plead under oath that the instrument is "without consideration, or that the consideration of the same has failed in whole or in part." Even after a sworn plea, the plaintiff may offer the instrument in evidence to show prima facie consideration. It is the defendant's burden to offer evidence to defeat this prima facie evidence. Thigpen, 563 S.W.2d at 870, quoting 2 McDonald, Texas Civil Practice § 7.35 (1970); Decor Dimensionals v. Smith, 494 S.W.2d 266, 268 (Tex.Civ.App.Dallas 1973, no writ); Tex.R.Civ.P. 94.
Appellant ignores the plain language of the contract and his actions subsequent to it. The period of the listing was from October 1, to December 31, 1983. The deed was executed on December 30, 1983. In his affidavit, the buyer admits that he saw appellee's brokerage sign and contacted appellee and that appellee conducted negotiations for the sale of appellant's property. The buyer further states that he re-contacted the appellant in December, still during the listing period, and closed the sale with him on December 31.
The appellant also admits these same facts in his affidavit. Appellant failed to meet his burden. We overrule the first point of error.
In his second point of error, appellant argues that the promissory note was obtained by duress because appellee threatened to prevent the closing unless its commission was paid. He stated that he had to close on the property by December 31, for tax purposes and to prevent foreclosure. Appellant argues that this presents a fact question, thereby rendering a summary judgment inappropriate.
The appellant has failed here to comply with the briefing requirements of Tex.R.Civ.P. 414(e), which requires a party to include in his appellate brief "such discussion of the authorities as is deemed necessary to make clear the points complained of." Any points which are raised, *376 but not properly briefed, are waived. John Perez v. Baker Packers, A Division of Baker International Corp., 694 S.W.2d 138 (Tex.App.Houston [14th Dist.] 1985, writ pending); Bellefonte Underwriters Ins. Co. v. Brown, 663 S.W.2d 562, 576 (Tex.App.Houston [14th Dist.] 1983, writ ref'd n.r.e.). Appellant has failed to cite any authority for the claims he makes in this point.
Additionally, appellant has failed to allege any of the required elements of duress in his response to the motion for summary judgment. To show that there is a disputed fact issue which will preclude the rendition of summary judgment for the appellee, the appellant is required to offer summary judgment proof on each element of the affirmative defense he is pleading. Seale v. Nichols, 505 S.W.2d 251, 254 (Tex.1974); Taylor, 567 S.W.2d at 866. The requirement of a signed note prior to the release of a lien is not a threat to do an illegal act or to exercise a legal right in a wrongful manner. It is the exercise of a legal right in a proper manner. Tower Contracting Co. of Texas v. Burden Brothers, Inc., 482 S.W.2d 330, 336 (Tex.Civ.App.Dallas 1972, writ ref'd n.r.e.). Appellant does not explain why he did not execute the note until after the December 31, 1983 closing or why he agreed to the requested sixty-day extension of the note. Appellant has failed to uphold his burden of proving the existence of a fact issue on the question of duress. The second point of error is overruled.
In his third point, appellant claims the court erred in awarding attorney's fees in excess of the contractual amount agreed to in the note. The note provided for "an additional 10% on the amount of principal and interest hereof as attorney's fees ... if the note is placed in the hands of an attorney for collection, or if collected by suit." The order requiring appellant to pay appellee $8000 in attorney's fees was issued at the hearing on appellee's cause of action for attorney's fees. This cause of action was severed from appellee's cause of action for the summary judgment which was granted by the trial court.
Again, appellant has failed to comply with the briefing rules set out in Tex.R.Civ.P. 414(e). He has not cited any authority in support of his position. He states that the parties agreed to 10% which the court should honor, and appellee cannot bind appellant to the agreement without being bound himself.
Further, appellant did not obtain a Statement of Facts of the hearing on attorney's fees for this appeal. Such failure shall be grounds for affirming the judgment appealed from or applying presumptions against the appellant. Tex.R.Civ.P. 386. Also, he failed to plead that the maximum amount of attorney's fees was set forth in the note's indemnity provision in his answers to the petition and in his response to the motion for summary judgment. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered as grounds for reversal on appeal." Tex.R.Civ.P. 166-A(c); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 675-677 (Tex.1979); Wooldridge v. Groos Nat'l Bank, 603 S.W.2d 335, 343-344 (Tex.Civ.App.Waco 1980, no writ). The foregoing is sufficient reason to overrule the third point of error.
In addition, Texas courts regard agreements to pay attorney's fees based on a percentage of the unpaid balance and interest on a promissory note as contracts to indemnify the holder of the note for attorney's expenses actually incurred in collecting the principal and interest on the note and not as absolute promises to pay the contractual amount. Thus, the obligor of the note may challenge the reasonableness of contractual attorney's fees. F.R. Hernandez Construction & Supply v. National Bank of Commerce of Brownsville, 578 S.W.2d 675, 676 (Tex.1979). The holder of the note is not entitled to recover the full contractual amount if the obligor shows that the fee should be limited to a reasonable amount considering the circumstances. Id. at 677.
*377 In his response to the motion for summary judgment, appellant claimed that the appellee was not entitled to attorney's fees, but, if the court determined he was, the amount claimed was excessive and unreasonable. As appellant did not provide the Court with a Statement of Facts from the evidentiary hearing at which the trial court held that $8000 is "reasonable and necessary and usual and customary" for the type of legal services appellee's attorney performed on his behalf in obtaining the judgment against the defendant, the presumption must be that the finding is correct. We overrule the third point of error.
The judgment of the trial court is affirmed.