**Michael BUZBEE and Robert Gene Buzbee, Appellants,**

**v.**

**CASTLEWOOD CIVIC CLUB and W.L. Jarvis, Appellees.**

**No. C14–86–675–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 30, 1987.

James S. Kelly, Houston, for appellants.

Kenneth C. Kobobel, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellees Castlewood Civic Club and W.L. Jarvis brought suit against appellants Michael Buzbee and Robert Gene Buzbee to enjoin them from violating the restrictive covenants applicable to certain lots in the Castlewood subdivision. In three points of error, appellants argue that the trial court erred (1) in finding that appellees' cause of action was not barred by the four year statute of limitations; (2) in finding that the doctrine of laches did not bar appellees' cause of action; and (3) in ordering appellants to immediately cease all business operations. We find error in the judgment and accordingly, modify the judgment and affirm it as modified.

Appellants own six lots in the Castlewood subdivision. All lots in the subdivision are subject to certain deed restrictions. Appellees alleged that appellants were operating a business, specifically a junkyard, in violation of these covenants.

After a trial on the merits, the court made written findings of fact and conclusions of law. In its findings of fact, the court found that appellants violated deed restrictions one and four, which state:

1. All sites except those fronting on Lakemont Drive and Lauder Road shall be for residence purposes only. Said tracts facing on Lakemont Drive and Lauder Road may be used for business sites. However, sellers reserve the right to approve type of building and type of business, and all front elevations on business property shall be made of either tile, brick, stone, plastic, or concrete blocks. Sides of building of metal or wood must be painted immediately upon completion, the purpose being to

maintain a high standard and to eliminate the type of business that may be objectionable to a desirable residential section.

4. No billboards shall be enacted or maintained on said tract. No church may be constructed or maintained on any residential tract. No junkyards, no tourists camps, no dance halls, no used-car lots, and no beer gardens may be maintained on said property.

The court also found that the character of the business operated by appellants on the six lots in the Castlewood subdivision changed substantially in 1982. In its conclusions of law, the court held that the four year statute of limitations did not bar appellees/plaintiffs' cause of action and that the doctrine of laches did not bar appellees' cause of action.

In their first and third points of error, appellants challenge the court's conclusions of law that appellees' cause of action is not barred by the four year statute of limitations. In their first point of error, appellants primarily concentrate on appellees' allegation that they violated paragraph four of the deed restrictions which prohibits the operation of junkyards. Appellants protest the court's finding that they are operating a junkyard. They contend that they have operated a trucking business since 1977 on the six lots in the Castlewood subdivision and that this business has been operated in the same manner since the business began. Therefore, appellants conclude the court's finding that a substantial change occurred since 1982, which tolled the statute of limitations, is erroneous. We disagree.

■■■ Initially, we note that in a nonjury case the trial court's findings of fact and conclusions of law have the same force and dignity as does a jury verdict on special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Nelson v. Jordan,* 663 S.W.2d 82, 86 (Tex.App.—Austin 1983, writ ref'd n.r.e.). These findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *L.R. French v. Diamond Hill-Jarvis Civic League,* 724 S.W.2d 921, 922 (Tex.App.—Fort Worth 1987, no writ). When these findings of fact and conclusions of law are supported by competent evidence they will not be disturbed on appeal, even though they appear to be against the preponderance of the evidence, unless they are so against the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Nelson,* 663 S.W.2d at 86; *Gill v. Guy Chipman Company,* 681 S.W.2d 264, 270 (Tex.App.—San Antonio 1984, no writ). In determining whether the court's findings are sustained by any evidence of probative force, this court may consider only that evidence favorable to the finding and the judgment rendered thereon and must disregard all evidence to the contrary. *Gill,* 681 S.W.2d at 267; *L.R. French,* 724 S.W.2d at 922.

■■■ Actions to enforce restrictive covenants are controlled by the four-year statute of limitations. *Hidden Valley Civic Club v. Brown,* 702 S.W.2d 665, 668 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Park v. Baxter,* 572 S.W.2d 794, 795 (Tex.Civ.App.—Tyler [12th Dist.] 1978, writ ref'd n.r.e.); *Schoenhals v. Close,* 451 S.W.2d 597, 599 (Tex.Civ.App.—Amarillo 1970, no writ). And, according to the trial court's findings of fact, appellees' brought their cause of action within four years of the time they learned of the violation of paragraph four of the deed restrictions. The trial court expressly found (1) a substantial change in the character of the business has occurred since 1982 and (2) the statute of limitations did not apply. The implied finding that supports those express findings is that the change in the character of the business tolled the statute of limitations.

Viewing only the evidence favorable to the finding, the record reflects that prior to 1982 appellants simply parked trucks on the lots and welded and repaired dumpsters. After 1982 appellants began bringing in scrap iron, old vehicles, batteries,

and tires. Appellants carried loads of old vehicles, scrap iron, batteries, tires, and other miscellaneous items through the subdivision and, occasionally, pieces would fall off the trucks and leave metal shavings on the street. The evidence indicates that appellants frequently burned some of the materials on the property; and, when burned, these items emitted a noxious odor. Additionally, appellants hauled in sand, dirt, and waste concrete and buried these items. The record reflects sufficient probative evidence to support the trial court's express and implied findings. Appellants' first point of error is overruled.

■ Appellants' make a similar argument in their third point of error. They urge this court to find that the four year statute of limitations bars appellees' cause of action for a violation of paragraph one of the deed restriction, which prohibits the operation of any business without approval and permission of the sellers. Appellants, essentially, contend that the overwhelming weight of the evidence contradicts the trial court's finding fact that this action is not barred. We agree with appellants to some extent.

The record indicates that appellants purchased the first two lots in 1977, the corner lots in 1979, and the two remaining lots in 1981. According to appellants, they began operating their business in the latter part of 1977. Standing alone, this testimony would not be sufficient to overrule the court's findings. The record, however, reveals that the other witnesses testified that, prior to 1982, they knew appellants were parking trucks and welding and repairing dumpsters on the property. Additionally, appellants presented former employees who testified that they worked for appellant at the Lakemont location in 1977, 1978 and 1979 and a business associate who testified that appellants had operated their business on these lots for eight or nine years. Finally, appellants introduced cancelled checks for employees' salaries during that period and for supplies for the business as well as invoices for supplies and electricity bills for service to the lots between 1979 and 1984. The checks and invoices did list appellants' home address on them. Even the court's finding, that a substantial change in the character of the business occurred after 1982, implies that a business existed prior to that time. For the trial court to have found that the four year statute of limitations did not bar appellees cause of action, it must have found that appellants began operating their business on or after *September* 18, 1980—four years before appellees suit was filed. Unfortunately, the record does not support this conclusion. For that reason, we find that appellees' cause of action against appellants for violating paragraph one of the deed restrictions—operating a trucking business without approval of the sellers—is barred with respect to the lots purchased in 1977 and 1979. However, with respect to the lots purchased in 1981, the cause of action is not barred and all the trial court's findings of fact and conclusions of law still apply. Appellants' third point of error is sustained as to the lots purchased in 1977 and 1979.

■ Finally, appellants challenge the trial court's conclusion that the doctrine of laches does not estop appellees from asserting their cause of action. Appellants argue that the two year delay that occurred between the time appellees sent appellants a letter informing them that they were violating paragraph four of the deed restrictions and the date the suit was filed constitutes an unreasonable delay. Appellants also urge that laches applies to estop the cause of action against them for violating paragraph one of the deed restrictions. We disagree.

When the cause of action comes within any of the specific provisions of the statute of limitations, the equitable defense of laches does not apply unless extraordinary circumstances exist that would justify the application of the defense to bar the cause of action. *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 840 (Tex.1968). Appellees' cause of action against appellants for operating a junkyard in violation of paragraph four of the deed restrictions falls within the statute of limitations. Additionally, appellees' cause of action

against appellants for operating a business without the seller's approval in violation of paragraph one of the deed restrictions with respect to the lots purchased in 1981 is not barred. Moreover, even though appellees' cause of action for the paragraph one violation with respect to the other four lots is not within the statute of limitations, appellants failed to establish that they made a good faith change in position because of the delay. *Regent International Hotels, LTD. v. Las Colinas Hotels Corporation,* 704 S.W.2d 101, 106 (Tex.App.—Dallas 1985, no writ); *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 403 (Tex.1964).

In summary, we find that appellants may not operate a junk yard on any of their six lots in the Castlewood subdivision. Nor may appellants operate any type of business on the lots purchased in 1981 unless they obtain permission of the seller. Appellants may, however, continue to operate a trucking business as they had in 1977 and 1979 on the four lots purchased in 1977 and 1979.

The judgment is modified and affirmed as modified.