**COASTAL SHUTTERS AND INSULA-TION, INC. and David R. Feinman, Appellants,**

v.

**Barbara M. Ireland DERR, Individually and as Independent Executrix of the Estate of Jimmie C. Ireland, Deceased, Appellee.**

No. A14–89–00856–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Rehearing Overruled May 30, 1991.

Gerson D. Bloom, Galveston, for appellants.

**918**

Anthony P. Brown, Otto D. Hewitt, III, Kenneth J. Bower, Evelyn T. Ailts, James L. Ware, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## MAJORITY OPINION

JUNELL, Justice.

This is an appeal from a final judgment rendered in favor of appellee Barbara M. Ireland Derr, Individually and as Independent Executrix of the estate of Jimmie C. Ireland (Derr), against Coastal Shutters and Insulation, Inc, (Coastal) and David R. Feinman (Feinman), appellants. Suit was originally brought by Derr against Coastal and Feinman to collect on a promissory note as well as two extensions of that note. Default judgment was taken by Derr but was set aside in a Bill of Review filed by appellants. After a non-jury trial on the merits, judgment was rendered in favor of Derr in the amount of $40,042.76 plus attorneys' fees. Appellants bring three points of error alleging: (1) insufficient evidence to support the trial court's finding that Coastal Shutters and Insulation, Inc. executed the promissory note; (2) improper award of damages for failure to allow offsets or recoupment; and (3) the trial court erred in holding Feinman individually liable for the corporate debt because the court had specifically found that the corporation was not used as a sham to perpetrate a fraud. Appellee brings a cross-point of error alleging: (1) improper limitation of attorneys' fees. We affirm.

On August 7, 1979, a promissory note in the amount of $25,000.00 payable to Jimmie C. Ireland, Trustee, was executed in the following manner:

COASTAL SHUTTERS,

A Division of

SAND & SEA PROPERTIES, INC.

/s/ David R. Feinman

The note provided for 10% interest and "Attorney's fees of ten percent on the amount of principal and interest thereon, if placed in the hands of an attorney for collection, ..." On September 1, 1979, David Feinman, Minnie B. Feinman (wife), and Jimmie C. Ireland entered into a preincorporation subscription agreement whereby Mr. Ireland was to be issued 5,000 shares of stock in a corporation to be named "Coastal Shutters and Insulation, Inc. in exchange for $50,000 cash." The subscription agreement also provided that Mr. Ireland would lend the corporation $25,000.00, the loan to be evidenced by a promissory note executed by the corporation. Minnie B. Feinman was to receive 10,000 shares for which she would contribute $100,000 of assets from Coastal Shutters, a division of Sand 'n Sea Properties, Inc. Attached to this agreement were the Articles of Incorporation for Coastal Shutters and Insulation, Inc. dated August 27, 1979.

Subsequent to execution of the original promissory note, two extensions were executed. The first was on July 30, 1984 and the second was on September 30, 1984. Both extensions were signed "COASTAL SHUTTERS AND INSULATION, INC. By: David R. Feinman /s/ David Feinman, PRES." These extension refer back to the August 7, 1979 promissory note and state in pertinent part:

That Coastal Shutters and Insulation, Inc., A Texas corporation, (herein called "Borrower"), being legally obligated to pay that one certain promissory note, a copy of which is attached hereto, being in the original principal sum of TWENTY–FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00), dated August 7, 1979, executed by David Feinman on behalf of Borrower and as a duly authorized officer of Borrower, payable to the order of Jimmie C. Ireland, Trustee, bearing interest at the rate of ten percent (10%) per annum, payable annually, now desires to extend the maturity date of said note, and Barbara M. Ireland, individually, and as independent executrix of the Estate of Jimmie C. Ireland, Deceased, the legal

owner and holder of said note, in consideration of the premises and at the request of Borrower has agreed to extend and rearrange the maturity date of said note as "hereinafter provided....

NOW, THEREFORE, in consideration of the extension of the maturity date of said note as hereinafter set forth by the legal owner and holder thereof, Borrower hereby renews said note and indebtedness and promises to pay to the order of Barbara M. Ireland, individually, and the Estate of Jimmie C. Ireland, Deceased, in the City of Galveston, Galveston County, Texas, the sum of Twenty–Five Thousand and No/100 Dollars ($25,000.00) (being the original principal amount of said note), together with interest thereon at the rate of ten percent (10%) per annum from August 7, 1979 until maturity, on or before October 7, 1984. Borrower further agrees that all terms and provisions of said original note shall be and remain in full force and effect as therein written except as otherwise expressly provided herein.

EXECUTED this 30th day of July, 1984.

COASTAL SHUTTERS AND INSULATION, INC.

By: /s/ David Feinman

By: David Feinman, PRES.

Jimmie C. Ireland died on November 30, 1983. Both extension agreements made the note payable to Barbara M. Ireland, individually, and the Estate of Jimmie C. Ireland, deceased. Full payment was not made by October 7, 1984, the maturity date under the second extension. Several payments were made on the note and extensions, but such payments ceased in mid–1985. Suit to recover on the promissory note and extensions was filed on May 5, 1986. Default judgment was rendered in that suit. The Bill of Review proceeding was filed on October 24, 1986. The default judgment was set aside on April 8, 1987. Trial of the remaining issues in the bill of review proceeding resulted in a judgment against Coastal and Feinman on the original promissory note and extensions. This appeal is from that judgment.

■ Appellants' first point of error raises a factual insufficiency claim. Appellants assert that the trial court's finding that Coastal Shutters and Insulation, Inc. executed the promissory note payable to Jimmie C. Ireland, Trustee, is against the great weight and preponderance of the evidence. In a non-jury case the trial court's findings of fact and conclusions of law have the same force and dignity as a jury verdict. *Buzbee v. Castlewood Civic Club,* 737 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1987, no writ). These findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Id.* The rule this court must follow in reviewing factual insufficiency errors is clear: this court is to consider all of the evidence in the record, both the vital fact and the evidence tending to disprove its existence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Memorial City Gen Hosp. Corp. v. Cintas Corp.,* 679 S.W.2d 133 (Tex.App.—Houston [14th Dist.] 1984, no writ). If, after considering all of the evidence, this court concludes that the trial court's finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, it will sustain the point of error unless the error is harmless.

■ The issue underlying this first point is whether sufficient evidence was presented to support the court's finding from a preponderance of the evidence that Coastal Shutters and Insulation, Inc. signed the promissory note of August 7, 1979. A review of the record shows that not only was there insufficient evidence, the undisputed evidence showed that Coastal Shutters and Insulation, Inc. did not sign the original promissory note. The note was signed "COASTAL SHUTTERS, a Di-

vision of SAND 'N SEA PROPERTIES, INC. /s/ David R. Feinman." Thus, appellants are correct in their assertion of insufficient evidence; and if the suit was solely on the original promissory note this court would have to reverse the trial court's judgment. However, this is not the case. The suit by Derr also encompasses the two extensions to the original note. The extensions, which were signed by Coastal Shutters and Insulation, Inc., refer to Coastal Shutters and Insulation, Inc. as the "Borrower" of the twenty-five thousand dollars for which the original promissory note was given. Further, both extensions explicitly say, "... Coastal Shutters and Insulation, Inc. ... being legally obligated to pay that one certain promissory note..." Coastal Shutters and Insulation, Inc. intended to be responsible for that original promissory note and derived the benefits from this note. In the pre-incorporation subscription agreement between David Feinman, Minnie B. Feinman and Jimmie C. Ireland it was stated that Mr. Ireland was receiving shares in Coastal Shutters and Insulation, Inc. in exchange for cash AND he would also lend the corporation $25,000.00, the loan to be evidenced by a promissory note. So even though the note was executed approximately three weeks before the subscription agreement and any actual incorporation of Coastal Shutters and Insulation, Inc., the intent was for the money secured by the original note to be used for the benefit of the new corporation of Coastal Shutters and Insulation, Inc. In Texas an entity not yet incorporated will still be held liable for pre-incorporation acts that are ratified or from which the entity derives benefit. *Cavaness v. General Corporation,* 272 S.W.2d 595 (Tex.Civ.App.—Dallas, 1954) aff'd 155 Tex. 69, 283 S.W.2d 33 (1955). Therefore, as Coastal Shutters and Insulation, Inc. ratified the original note by signing and obligating itself in the extensions and accepted the benefits of the twenty-five thousand dollars, there can be no other conclusion but that Coastal Shutters and Insulation, Inc. is liable for the original promissory note.

The trial court's finding that Coastal Shutters and Insulation, Inc. signed the original promissory is not supported by sufficient evidence. However, sufficient evidence exists to hold Coastal liable on the original note by reason of the two extensions. The trial court made findings that the original note was renewed on July 30, 1984 and on September 30, 1984, and all evidence concerning the renewals and extensions was undisputed. We find the error in the trial court's finding that Coastal executed the original promissory note to be harmless and overrule appellants' first point of error.

■ In their second point of error appellants assert the trial court erred in its finding the balance due on the original promissory note to be $40,042.76. Appellants contend the awarded amount should have been reduced by offsets or recoupment. The recoupment theory urged by appellants was not presented to or ruled on by the trial court. In order to raise a question on appeal, the record must show that the appellant requested relief in the trial court and such relief was denied. *Moore v. Rotello,* 719 S.W.2d 372 (Tex.App. —Houston [14th Dist.] 1986, writ ref'd n.r. e.). The record does not reflect a recoupment claim in the trial court. Therefore, appellants have not properly preserved such issue for appeal.

■ As appellants correctly point out, the defense of offset must be affirmatively pled. *Hemphill v. Greater Houston Bank,* 537 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1976, no writ). The only pleading by appellants concerning offsets was that the parties to the promissory note had made agreements concerning offsets of other debts. There is no evidence in the record that any such agreement was made. On August 6, 1984 David Feinman sent a letter to Barbara M. Derr "recommending" an offset proposal. The proposal suggested an exchange of checks between "Sand 'n Sea/Coastal" and the Derr family. This proposal was rejected by Barbara M. Derr

on the advice of counsel. Appellants' second point of error is overruled.

■ In the third point of error, Feinman contends the trial court erred in holding him liable for the corporate debt because the court had specifically held that the corporation was not used as a means to perpetrate fraud. In fact, the trial court refused to find that Feinman had used the corporate fiction of Coastal as a means to perpetrate fraud, but the court made no finding that the corporate fiction was not so used. Feinman's argument under this point of error is that Coastal Shutters and Insulation, Inc. could not be the alter ego of Feinman in the absence of a finding by the court that Coastal was used by Feinman to perpetrate fraud. The leading case on this issue, *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex.1986), recognizes many Texas cases have blurred the distinction between alter ego and the other bases for disregarding the corporate fiction. Alter ego is only one basis for disregarding the corporate fiction. Specifically, courts will disregard the corporate fiction:

(1) when the fiction is used as a means of perpetrating fraud, i.e. "a sham to perpetrate a fraud";

(2) where a corporation is organized and operated as a mere tool or business conduit of another corporation or individual, i.e. alter ego;

(3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;

(4) where the corporate fiction is employed to achieve or perpetrate monopoly;

(5) where the corporate fiction is used to circumvent a statute;

(6) where the corporate fiction is relied upon as a protection of crime or to justify wrong; and

(7) where the corporation is undercapitalized.

*Castleberry*, 721 S.W.2d at 272 citing *Pacific American Gasoline Co. of Texas v. Miller*, 76 S.W.2d 833, 851 (Tex.Civ.App.—Amarillo 1934, writ ref'd) and *Torregrossa v. Szelc*, 603 S.W.2d 803 (Tex.1980).

■ Appellee pled the theory of alter ego. Alter ego applies when there is such unity or a blurring of identity between two corporations or a corporation and an individual that the separateness of the single corporation has ceased and holding only the corporation liable would cause injustice. *Id.* The factors used to prove alter ego include: (1) the degree to which the corporate formalities are followed; (2) the commingling of assets between the individual and the corporation; (3) the amount of financial interest, ownership and control the individual maintains over the corporation; and (4) whether the corporation is used for personal purposes. *Id.* This basis is completely separate from "a sham to perpetrate a fraud." *Id.* An examination of the evidence in the light most favorable to the alter ego finding, disregarding all contrary or conflicting evidence, reveals more than a scintilla of evidence to support the finding of alter ego. *See Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1982). It is apparent from the record that no corporate formalities were followed, funds and assets of Coastal were substantially commingled with those of other entities owned or controlled by David Feinman, and Coastal was inadequately capitalized. Further, Coastal operated as a mere tool of Feinman and other entities owned or controlled by Feinman. Coastal and other Feinman controlled entities shared the same physical facilities and operated as a single unit for the benefit of David Feinman. Thus, finding David Feinman individually liable was proper and appellants' third point of error is overruled.

Barbara M. Derr, appellee, asserts in her cross-point the trial court erred in limiting attorneys' fees to 10% of the balance due on the promissory note. Appellee argues that the court erred in not awarding the entire amount of requested attorneys' fees. The promissory note itself provided for a recovery of 10% attorneys' fees if it was

placed in the hands of an attorney for collection or if collected through the Probate Court or other judicial proceeding. The trial court awarded Appellee the 10% contracted for in the note.

In findings of fact the trial court found that Derr had incurred reasonable and necessary attorneys' fees in the amount of $27,000.00, and that by its terms the promissory note limits recovery of attorneys' fees to the sum of 10% of the balance due and owing on the note. The trial court further made a conclusion of law that Derr was entitled to recover $4,004.27 as reasonable attorneys' fees. The court's conclusion recites that $4,004.27 represents 10% of the balance due on said promissory note. The trial court's judgment included an award of that amount of attorneys' fees.

■■■■ It is well settled in Texas that the holder of a note is *prima facie* entitled to recover the attorneys' fees stipulated therein upon the happening of the contingency which makes the attorneys' fee payable. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948 (1960). However, Texas Courts do not regard agreements to pay attorneys' fees based on a percentage of the unpaid balance and interest on a promissory note as absolute promises to pay the contractual amount, but as contracts to indemnify the holder of the note for attorney's fees actually incurred in collecting the principal and interest on the note. *F.R. Hernandez Construction & Supply Company, Inc. v. National Bank of Commerce of Brownsville*, 578 S.W.2d 675 (Tex.1979). The obligor of the note can challenge the reasonableness of contractual attorney's fees, and the holder of the note is not entitled to recover the full contractual amount if the obligor of the note shows that the fee should be limited to a lesser amount that is reasonable under the circumstances. *Id.* In order to make a proper showing that the fee should be reduced, the obligor must first plead and prove that the contractual amount is unreasonable; and to complete the showing the obligor must prove a lesser amount that is reasonable under the circumstances. *Id.*

There are numerous Texas cases dealing with challenges by obligors on promissory notes to the reasonableness of a contractual attorney's fee. We have been cited to only one case affirming a trial court judgment awarding the holder of the promissory note an attorney's fee in an amount in excess of that stipulated in the promissory note. That case is *Richardson v. Office Buildings of Houston*, 704 S.W.2d 373 (Tex.App.—Houston [14th Dist.] 1985, no writ). That case appears to have been decided on procedural grounds and on the presumption that the amount awarded by the trial court was correct because of the absence of a statement of facts from the trial court hearing on the amount of attorneys' fees. It appears that this court's decision in *Richardson* does not control our decision in the instant case. We have before us a complete statement of facts from the entire trial of the case, including that part dealing with the amount of attorneys' fees to be awarded. Also, Appellee in the instant case complied with applicable briefing rules on her cross-point of error.

■■■■ We will now address Derr's cross-point. Derr contends that under TEX.R. CIV.P. 94 Coastal and Feinman were required to plead as an affirmative defense that the promissory note fixed the maximum amount of attorneys' fees at ten percent (10%). Derr argues that absent such pleading the trial court was required as a matter of law to award the full amount of attorneys' fees requested.

We disagree with Derr's arguments and now hold that the trial court properly limited the award of attorneys' fees to the 10% stipulated in the note. Derr's petition alleged a cause of action to recover on the promissory note, a copy of which was attached to and incorporated in the petition. The note contained the 10% attorneys' fee provision. Although the petition contained additional allegations that a reasonable attorney's fee was an amount in excess of the 10% stipulated in the note, appellee's petition put in issue the entire matter of the proper amount to be awarded as attor-

neys' fees. Under such circumstances the limitation of attorneys' fees to the amount stipulated in the note was not a matter of affirmative defense under Rule 94. Under Derr's pleadings and under the general denial filed by Coastal and Feinman the trial court properly limited the recovery of attorneys' fees to the 10% stipulated in the note made the basis of appellant's suit.

The judgment of the trial court is affirmed.

MURPHY, Justice, dissenting.

I dissent from that portion of the court's opinion and judgment which holds that appellee's recovery of attorney's fees in this case must be limited to ten percent of the balance due and owing on the promissory note. I would hold that appellees were entitled to recover reasonable attorney's fees actually incurred, and that the trial court erred in limiting appellees' recovery to ten percent of the outstanding principal and interest.

In the promissory note at issue in this case, appellants agreed "to pay all expenses incurred, including Attorney's fees of ten per cent on the amount of principal and interest" if the note was placed in the hands of an attorney for collection. However, as the majority correctly notes, Texas courts do not regard agreements to pay attorney's fees based on a percentage of unpaid principal and interest under a note as absolute promises to pay the contractual amount. *E.g., F.R. Hernandez Construction & Supply Co. v. National Bank of Commerce,* 578 S.W.2d 675, 676 (Tex.1979). Rather, under Texas law, such agreements are regarded as "contracts to indemnify the holder of the note for attorney's expenses actually incurred in collecting the principal and interest on the note." *Id.; see RepublicBank Dallas v. Shook,* 653 S.W.2d 278, 282 (Tex.1983); *Texas Airfinance Corp. v. Lesikar,* 777 S.W.2d 559,

563 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Richardson v. Office Buildings of Houston,* 704 S.W.2d 373, 376 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Without citation to authority, the majority in this case implicity holds that the above rule is applicable only where the obligor on a note challenges the reasonableness of a fixed percentage attorney's fee, and that it cannot be applied so as to allow the holder of a note to collect attorney's fees in excess of those provided for by the terms of the note. I find no support for this argument either in logic or in law. The supreme court has held that agreements to pay attorney's fees based on a percentage of unpaid principal and interest must be considered as "contracts to *indemnify* the holder of the note for attorney's expenses *actually incurred* in collecting the principal and interest on the note." *F.R. Hernandez Construction,* 578 S.W.2d at 676 (emphasis added); *see Shook,* 653 S.W.2d at 282. The express language of these holdings does not limit the application of this rule to cases where the obligor on a note seeks to pay less than the agreed upon fixed percentage fee, and I find no grounds to imply such a limitation.[1]

For the reasons stated above, I would sustain appellee's cross-point and reverse and render that portion of the trial court's judgment awarding attorney's fees to appellee. I agree with the majority opinion in all other respects.

---

1. It appears that at least one opinion from this court indirectly supports this conclusion. *See Richardson v. Office Buildings of Houston,* 704 S.W.2d 373, 376 (Tex.App.—Houston [14th Dist.] 1985, no writ). Apparently, no other court of appeals has addressed the issue.