HIDDEN VALLEY CIVIC
CLUB, Appellant,

v.

Owen R. BROWN, et ux, Appellee.

No. A14–85–456–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 1985.

---

**666**

Gaylen L. Nix, Houston, for appellant.

Richard E. Anderson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Hidden Valley Civic Club, appellant, appeals from an order denying a temporary injunction. The trial court refused to enjoin appellees, Owen R. Brown and his wife, Jo Ella Brown, from parking their recreational vehicle at their home. We affirm the trial court's order.

Appellant brings one main point of error together with two subpoints of error on appeal. The first point of error alleges an abuse of discretion by the trial court by failing to grant the temporary injunction. Appellant also alleges that the trial court erred by finding that appellees' camper is not a building, structure or mobile home. Finally, appellant alleges that the trial court erred by concluding that appellant's action is barred by the four (4) year statute of limitation.

Appellants filed suit because they were of the opinion that appellees were in violation of certain deed restrictions and covenants applicable to Section Four (4) of the Hidden Valley Subdivision. Appellees are residents of the Hidden Valley Subdivision, Section Four (4), in Harris County, Texas. Appellees purchased their home over twenty (20) years ago and the restrictions involved apply to their property.

The vehicle is 10'4" in height 22'6" in length and 8'0" wide, has a roof, windows, three doors, a floor, under carriage, six wheels, a rear axle, a front axle, is motorized and has exterior walls. It also contains a toilet, stove, tub, a bed, drinking water, electricity, refrigerator, a closet, pantry, ventilator, air conditioning, heating system and hot water. The appellees' first notice of any alleged deed restriction violation was in the form of a letter dated September 20, 1984. The letter was sent by Mr. Robert Kenard, Vice-President of Deed Restrictions of the Hidden Valley Civic Club.

The appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order which is expressly authorized by Article 4662, Texas Revised Civil Statutes Annotated. At a hearing upon the request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preservation of the *status quo* of the subject matter of the suit pending the trial

on the merits. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). The "status quo" to be preserved by temporary injunction has been defined by our Supreme Court as "the last, actual, peaceable, noncontested status which preceded the pending controversy. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). Additionally, the applicant must show a probable right to recovery and irreparable injury. *Davis v. Huey, supra.*

If the effect of the granting of a temporary injunction does more than preserve the status quo of the property as it has theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant the same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. *Williamson v. County of Dallas*, 519 S.W.2d 495, 498 (Tex.Civ.App.—Waco 1975, ref'd n.r.e.).

■ In the instant case, the appellees testified that they purchased the vehicle in April 1979 and parked the same on their property since that time. It appears that the "status quo" was maintained by adhering to their longstanding practice of parking the vehicle on their property. If the trial court granted the injunction and ordered the removal of the vehicle from the appellees' residence then in essence the trial court would be accomplishing what should be reserved for the trial on the merits.

On appeal, the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Moulders & F. Wlgrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952). Accordingly, we find that the trial court did not abuse its discretion by denying the temporary injunction and overrule appellant's first point of error.

Appellant further alleges two subpoints of error: (1) that the trial court erred by finding that appellees' camper was not a building, structure or mobile home as prohibited by the following deed restrictions:

RESTRICTION 1. "All lots in HIDDEN VALLEY IV (4) shall be known as residential lots and shall be used only for that purpose. No structure shall be erected, altered, placed or permitted to remain on said lots except a one detached single-family dwelling not more than two stories in height and a private garage . . . . . . . ."

RESTRICTION 3. "No building or structure shall be erected on any lot which lot has an area of less than 6500 square feet including area of easement."

RESTRICTION 5. "No noxious or offensive activity shall be carried on upon any lot, nor shall anything be done thereon which may be or become any annoyance or nuisance to the neighborhood. The property shall not be used for commercial purposes, and no trade or business shall be conducted thereon."

RESTRICTION 6. "No trailer, basement, tent, shack, garage apartment or bar, or other outbuilding shall at any time be used as a residence, temporarily or permanently, nor shall any residence of a temporary character be permitted. No building shall be moved upon any lot, but must be erected to conform with the requirements set out in paragraph one hereof."

RESTRICTION 11. "Clothesline poles or any other structure shall not be located in front of the front building setback line as shown on the recorded plat."

RESTRICTION 15. "Automobiles and trucks not in daily use may not be left on the above described premises or the streets in such premises of adjacent thereto for more than one week unless stored in a closed garage. The parking of trailer trucks and tandem trucks shall be prohibited on the streets or premises above described. Boats not in regular use shall not be parked in front of the front building setback line. No boat shall be parked in

the street adjacent to any lot in HIDDEN VALLEY, SECTION IV (4)."

and (2) that the trial court erred by concluding that appellant's action is barred by the four (4) year statute of limitation.

Although their vehicle was equipped with living accomodations, appellees testified that while the vehicle was on their residential property no one had ever slept in it. Further, testimony proved that the vehicle was not affixed to the ground in any manner and was used as transportation by the appellees on a daily basis. Based upon the evidence presented at trial the court made findings of fact. Findings of fact seven through eleven state that the trial judge did not find the appellees' vehicle was any of the following: (7) structure, (8) building, (9) trailer truck, (10) tandem truck or (11) mobile home. Findings of fact have the same force and dignity as a jury verdict upon special issues. If they are supported by some competent evidence they will not be disturbed upon appeal unless they are so against the overwhelming weight of evidence as to be clearly and manifestly wrong. *Houston Natural Gas Corporation v. Pearce,* 311 S.W.2d 899, 903 (Tex. Civ.App.—Houston 1958, writ ref'd n.r.e.).

■ Appellant failed to establish as a matter of law that appellees' vehicle constituted a violation of any of the pertinent deed restrictions. In this light, appellant failed to show that the presence of appellees' vehicle caused irreparable injury by adversely affecting or destroying the value of the land in the Hidden Valley subdivision. Additionally, unable to establish appellees' vehicle as a deed restriction violation, appellant did not meet the burden of proving a probable right to recovery at a trial on the merits. We find that the trial court did not abuse its discretion on this matter and accordingly overrule appellant's first subpoint of error.

■ Finally, appellant's subpoint of error two (2) alleges that the trial court erred by concluding that appellant's action is barred by the four (4) year statute of limitation. The four year statute of limitations, Art. 5529, Tex.Rev.Civ.Stat.Ann., is controlling in suits to enforce restrictive covenants.

*Schoenhals v. Close,* 451 S.W.2d 597, 599 (Tex.Civ.App.—Amarillo 1970, no writ).

In the case at hand, the evidence shows that the vehicle in question was purchased by the appellees in April 1979 and also that they did not receive *notice* of any alleged deed restriction violation until April 21, 1984. Mr. Robert Kenard, Vice-President of Deed Restrictions, testified on behalf of the appellant. He stated that he has held his position as vice-president since June 1984 and that he first noticed the appellees' vehicle on September 18, 1984. We have a factual dispute between the parties. Appellees testified that they have parked their vehicle on their residential property since the date of purchase, April 1979, while appellant testified that he first noticed the vehicle in September 1984. An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Huey v. Davis,* 571 S.W.2d 859, 862 (Tex.1978).

The trial court found that the appellant's action was barred by the four (4) year statute of limitation. In this regard, appellant failed to prove a probable right to recover at the trial on the merits. Clearly, the trial court did not abuse their discretion in this matter. We overrule appellant's second subpoint of error.

Accordingly, the order of the trial court is affirmed.