# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00311-CV

**Robert K. Trethewey and Shirley J. Trethewey, Appellants**

**v.**

**Suzy Collins, et al., Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2006-0613B, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal, the parties dispute the validity and applicability of certain deed restrictions adopted by landowners in a subdivision known as Pleasant Valley Estates in Comal County. Appellants, Robert K. Trethewey and Shirley J. Trethewey, challenge the portions of the district court's judgment (1) declaring the deed restrictions to be valid and applicable, and (2) permanently enjoining the Tretheweys from using their motor home as a temporary or permanent residence on their lot. In three points of error, the Tretheweys argue that the restrictions on which the appellee landowners rely are unenforceable because they were rescinded and, alternatively, if the restrictions were not rescinded, they do not apply in this case. Finding the deed restrictions enforceable and applicable to the Tretheweys' motor home, we affirm the district court's judgment.

**Background**

Appellants, Robert K. Trethewey and Shirley J. Trethewey, purchased Lot 15 in the Pleasant Valley Estates, Unit 1, in May 2005. They challenge the enforceability and applicability of certain restrictive covenants prohibiting trailers, mobile homes, and trailer houses being used as residences on Pleasant Valley Estates lots. Appellees, who include eighteen Pleasant Valley Estate landowners, seek to enforce the restrictive covenants to prevent the Tretheweys from living in a motor home on their lot.

On June 30, 1978, Creekdale, Inc., the original developer and owner of the lots in the Pleasant Valley Estates, recorded deed restrictions for the Pleasant Valley Estates. The provisions at issue on appeal are the following:

> No trailer, tent, shack, garage, barn, outbuilding, mobile home or trailer house shall be at any time used as a residence, temporarily or permanently. No existing structure shall be moved on said land and premises for the purpose of occupancy, and all improvements erected thereon, including fences, shall be of permanent type, character, and construction, and may be built simultaneously with or subsequent to erection of permanent residence only.
>
> . . . .
>
> The covenants shall run with and burden the land until December 31, 2000. These covenants may be extended at that time for successive periods of ten (10) years each, by written instrument executed by a majority of the then property owners and placed of record in the Deed Records of Comal County, Texas. Any of these covenants may be amended in whole or in part at anytime by a majority of the property owners executing a written instrument so amending and which instrument shall be recorded in the Deed Records of Comal County, Texas.

On September 20, 1978, Creekdale, Inc. recorded amendments to these covenants in its Amended Restrictions, Building Requirements and Landscaping Requirements for Pleasant

2

Valley Estates, Unit 1, to the County of Comal, Texas. The restriction prohibiting trailers and other mobile structures as residences remained intact, but the original restriction relating to the term of the covenants was rescinded, and the following provision was added:[1]

> These covenants shall be binding for a period of thirty (30) years from the date they are filed for record in the Deed Records of Comal County, Texas, unless changed or amended as provided herein. Said covenants shall be automatically extended, upon the expiration of said term, for successive periods of ten (10) years each. The record owners of legal title of fifty-one (51%) percent of the lots as shown by the deed records of Comal County, Texas, may amend or change said covenants in whole or part at any time. Any change or amendment shall be set forth and evidenced by a successor instrument bearing the signatures of the requisite number of record owners and the recording of same in the office of the County Clerk of Comal County, Texas.[2]

(Footnote added.)

On November 7, 2000, a majority of the Pleasant Valley Estate landowners recorded additional amendments to the restrictive covenants in their Second Amended Restrictions,

---

[1] In their Statement of Facts, appellees assert that "[t]he only substantive change made to the restrictions was to exclude from tract 1 the single family residence restriction." We note, however, that the expiration date for the restrictions was effectively changed from December 31, 2000, to September 20, 2008. The Tretheweys make no mention of the existence of the amended restrictions. Although we make note of the amended restrictions in our discussion for purposes of background information and rely on the amended restrictions as having been validly enacted, none of the substantive differences between the original restrictions and amended restrictions affect the analysis in this case. Even if we were relying on the original restrictions rather than the amended restrictions as the immediate predecessor to the second set of amended restrictions, our analysis would be unchanged.

[2] The first set of amended restrictions modified the original restrictions by rescinding them in their entirety and replacing them. This was also the process with the second set of amendments to the deed restrictions. Although the Tretheweys contest the validity of the second set of amended restrictions, they do not contest the validity of the first set of amended restrictions.

Building Requirements and Landscaping Requirements for Pleasant Valley Estates, Unit 1, to the County of Comal, Texas. According to this document, the owners:

> desire to change the restrictions having been filed pertaining to said subdivisin [sic] which are recorded in Vol. 272, pages 313-315, or the Deed Records of Comal County, Texas, which said restrictions shall have no force and effect and are hereby rescinded, and the owners of PLEASANT VALLEY ESTATES, UNIT I does [sic] hereby restrict said property as hereinafter set out, which restrictions shall be binding upon the owners of said lots, or any purchasers thereof, their heirs, administrators or assigns, and said restrictions shall be covenants running with the land, to wit: . . . .

The restriction relevant to this case relating to the use of mobile structures as residences remained the same through each revision of the restrictive covenants.

Although the Tretheweys own Lot 15, their children, Mark and Joanie Koenig, live in the house located there. The Tretheweys planned to spend the majority of their time traveling and living in their motor home on the road. Sometime after May 2005, the Tretheweys had a concrete slab built on Lot 15. They obtained residential utility service through a separate meter and began to intermittently park their motor home on this slab. When the Tretheweys were not traveling but were living in Comal County, they parked their motor home on the concrete slab and lived in the motor home.

On June 16, 2006, appellees filed their Petition for Declaratory Judgment and for Temporary and Permanent Restraining Order in the Comal County district court, seeking to prohibit the Tretheweys from parking their motor home on Lot 15 and living in it. Following a bench trial on April 3, 2007, the district court granted appellees' petition. The district court declared the deed restrictions to be valid and applicable, and permanently enjoined the Tretheweys from

4

using their motor home as a temporary or permanent residence on Lot 15. In three points of error, the Tretheweys argue that the restrictions on which appellee landowners rely are unenforceable because they were rescinded and, alternatively, if the restrictions were not rescinded, they do not apply in this case.

**Enforceability of restrictions**

In their first point of error, the Tretheweys argue that the deed restrictions upon which appellees rely are unenforceable because they were rescinded and, therefore, could not be subsequently modified or amended. According to the Tretheweys, any subsequent modifications or amendments were void and unenforceable. Appellees respond that the property code mandates a liberal construction of restrictive covenants to give effect to the parties' intent. According to appellees, the last set of amended restrictions (the Second Amended Restrictions) are in effect and should be enforced.[3]

Construction of a restrictive covenant is a question of law, and we review the district court's construction de novo. *Owens v. Ousey*, 241 S.W.3d 124, 129 (Tex. App.—Austin 2007, pet. denied). Restrictive covenants are to be construed liberally to effectuate the parties' intent. Tex. Prop. Code Ann. § 202.003 (West 2007); *Owens*, 241 S.W.3d at 129. General rules of contract construction apply to the construction of restrictive covenants. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). We construe restrictive covenants as a whole in light of the

---

[3] Appellees also argue that the Tretheweys waived their complaints on appeal by failing to adequately brief their arguments and by failing to specifically challenge certain findings of fact. We find the Tretheweys' briefing to be adequate and, therefore, will address their points of error.

5

circumstances at the time the parties entered into the agreement, giving effect to every sentence, clause, and word of a covenant, and avoiding constructions that would render parts of the covenant superfluous or inoperative. *Owens*, 241 S.W.3d at 129-30. Our primary obligation in construing restrictive covenants is to give effect to the true intention of the parties as expressed in the instrument. *Id.* We focus not on their subjective intent but on their objective intent, as it is reflected in the written contract. *Lopez v. Munoz, Hockema & Reed*, 22 S.W.3d 857, 861 (Tex. 2000); *Tien Tao Ass'n v. Kingsbridge Park Cmty. Ass'n*, 953 S.W.2d 525, 528 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

The Pleasant Valley Estates restrictive covenants could have been amended at any time prior to their expiration on September 20, 2008. On November 7, 2000, a majority of the landowners executed a document entitled Second Amended Restrictions, Building Requirements and Landscaping Requirements for Pleasant Valley Estates, Unit 1, to the County of Comal, Texas. That document purported to "change the restrictions" by rescinding the prior restrictions and enacting new restrictions. The restrictive covenant at issue relating to mobile structures as residences was unchanged in the amended restrictions.

Construing the language of the restrictive covenant liberally to give effect to the parties' intent, we find the landowners' Second Amended Restrictions to be valid and enforceable. The landowners' intent that the new restrictions amend and modify existing restrictions is evidenced, first, by the title of the document: Second Amended Restrictions, Building Requirements and Landscaping Requirements for Pleasant Valley Estates, Unit 1, to the County of Comal, Texas. In addition, the introductory language provides that the landowners seek to "change the restrictions"

6

already in effect. Except for the extension of the expiration date, the Second Amended Restrictions are virtually identical to the first set of amended restrictions, which were virtually identical to the original restrictions. Finally, although the amended restrictions rescinded and replaced the restrictive covenants they were modifying, this two-step process was accomplished in a single act of adopting the modified restrictive covenants. Reading the relevant documents as a whole, we find that the intent of the landowners was to "amend or modify" original restrictive covenants and the first set of amended restrictive covenants, as expressly permitted by the documents memorializing those restrictions.

The Tretheweys rely chiefly on *Owens v. Ousey* to support their argument that the Second Amended Restrictions are invalid. In *Owens*, we addressed the enforceability of a similar restrictive covenant. 241 S.W.3d at 127. In that case, the Ouseys sought enforcement of a restrictive covenant prohibiting the placement of a mobile home on adjacent lots owned by the Owenses. *Id.* The provision in question provided that the restrictive covenants:

> shall be in full force and effect for a period of twenty-five years. However, any restrictive covenant or covenants may be renewed at the end of said 25 year period, or may, at any time, be altered amended or cancelled by a majority vote of the owners of the property, each lot, whether owned by one or more persons, having and being entitled to one vote, on any question of alteration, amendment of [sic] cancellation of any restriction.

*Id.* The deed containing these covenants was executed October 22, 1976. *Id.* at 130. Thus, twenty-five years from its date of execution was October 22, 2001. Two years after its expiration, the Ouseys sought to amend the restriction so that it would continue in effect. *Id.* at 127-28. The trial court granted a mandatory injunction compelling the Owenses to move the mobile home

7

off their property. *Id.* at 128. On appeal, this Court reversed, holding that to "give effect to every sentence, clause, and word of a covenant" and to "avoid constructions that would render parts of the covenant superfluous or inoperative," the provisions were required to be amended while they still remained in effect; otherwise, the twenty-five-year provision would be "superfluous or inoperative." *Id.* at 130 (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003)). We reasoned that, even construing the restrictive covenant liberally, as required by the property code, amendments enacted two years after the provisions expired were void and ineffective. *Id.*; *see* Tex. Prop. Code Ann. § 202.003(a).

The key distinction between *Owens* and this case is that the restrictions in *Owens* had expired two years before the landowners sought to amend them. *See Owens*, 241 S.W.3d at 127-28. The provision allowing amendments expressly allowed the restrictions to be "altered amended or cancelled" either "at the end of said 25 year period" or "at any time" during the 25-year period. *Id.* at 127. The landowners in *Owens* did not attempt to enact new amendments or modifications within the specified time period. Rather, they waited until two years after the expiration of the restrictions and, with them, the time period for amending or modifying them. *Id.* at 127-28. Under such circumstances, attempts to amend expired deed restrictions are invalid. *Id.* at 130. Here, however, the restrictions were still effective at the time the landowners sought to "change the restrictions."[4] Although the landowners made these modifications by rescinding the old restrictions and replacing them with new, modified restrictions, their express intent was to "change the

---

[4] Even if we assume that the original restrictions rather than the first set of amended restrictions were still in effect on November 7, 2000, the landowners adopted the Second Amended Restrictions before the expiration of the original Restrictions, December 31, 2000.

8

restrictions" currently in effect. Construing the restrictions liberally as the legislature has mandated, we hold that the restriction modifications or amendments were properly enacted. *See* Tex. Prop. Code Ann. § 202.003(a). Accordingly, we hold that the Second Amended Restrictions are valid and enforceable, and overrule the Tretheweys' first point of error.[5]

**Applicability of restrictions**

In their second point of error, the Tretheweys argue that the restrictions do not apply to their motor home. According to the Tretheweys, the restriction prohibiting a "trailer, tent, shack, garage, barn, outbuilding, mobile home or trailer house" from being used as a residence does not apply to their motor home. They argue that their motor home is not described by any of the enumerated terms.

The applicability of a restrictive covenant is a question of contract construction, a question of law which we review de novo. *See Owens*, 241 S.W.3d at 129. Words and phrases in

---

[5] In a subpart to their second point of error, the Tretheweys argue that the district court erred in holding that the restrictions could not be enforced where the Tretheweys had not consented to the restrictions. As noted, the restrictions required only that a majority of landowners consent to the restrictions that would then apply to all landowners in the Pleasant Valley Estates:

> The record owners of legal title of fifty-one (51%) percent of the lots as shown by the deed records of Comal County, Texas, may amend or change said covenants in whole or part at any time. Any change or amendment shall be set forth and evidenced by a successor instrument bearing the signatures of the requisite number of record owners and the recording of same in the office of the County Clerk of Comal County, Texas.

There is no dispute that a majority of the Pleasant Valley Estate landowners signed the Second Amended Restrictions. Having found the Second Amended Restrictions to be valid and enforceable, we hold them to be valid and enforceable against the Tretheweys even though the Tretheweys did not consent to their adoption.

9

a restrictive covenant must be given their commonly accepted meaning as of the date the restriction was written and must not be enlarged, extended, stretched, or changed by construction. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 657-58 (Tex. 1987). The Tretheweys argue that a "motor" home is not included in the list of structures or items prohibited by the deed restriction, and they cite *Hidden Valley Civic Club v. Brown*, 702 S.W.2d 665 (Tex. App.—Houston [14th Dist.] 1985, no writ), in support of their position. *Hidden Valley Civic Club* involved the applicability of a deed restriction similar, but not identical, to the restriction at issue here:

> RESTRICTION 6. No trailer, basement, tent, shack, garage apartment or bar, or other outbuilding shall at any time be used as a residence, temporarily or permanently, nor shall any residence of a temporary character be permitted. No building shall be moved upon any lot, but must be erected to conform with the requirements set out in paragraph one hereof.

In *Hidden Valley Civic Club*, the appellant challenged the district court's findings that the appellees' motorized camper was not a structure, building, trailer truck, tandem truck, or mobile home. The court of appeals overruled the appellant's challenge, stating: "Appellant failed to establish as a matter of law that appellees' vehicle constituted a violation of any of the pertinent deed restrictions." 702 S.W.2d at 668. Thus, the court found the restriction prohibiting a "trailer, basement, tent, shack, garage apartment or bar, or other outbuilding" from being used as a residence did not apply to the appellant's motorized trailer. *Id.*

Appellees respond that "there is much authority for the proposition that a motor home violates a restriction against a mobile home or a trailer house" and cite several cases in support of this proposition. Each of the cases cited by appellees, however, involves the applicability of

10

restrictive covenants to non-motorized vehicles and, more specifically, to mobile homes. *See Lassiter v. Bliss*, 559 S.W.2d 353 (Tex. 1977); *Dempsey v. Apache Shores Prop. Owners Ass'n*, 737 S.W.2d 589 (Tex. App.—Austin 1987, no writ); *Bullock v. Kattener*, 502 S.W.2d 828 (Tex. Civ. App.—Austin 1973, writ ref'd n.r.e.). Further, our search of the case law has revealed no case in which a motor home or motorized recreational vehicle has been found to violate a restrictive covenant against a mobile home or a trailer house. We agree with the Tretheweys that the list of structures and items in the first portion of the restriction does not include motorized vehicles such as a motor home.

However, though the restriction at issue does not include motor homes or any other type of motorized vehicles, it does include the following language:

> No existing structure shall be moved on said land and premises for the purpose of occupancy, and all improvements erected thereon, including fences, shall be of a permanent type, character, and construction, and may be built simultaneously with or subsequent to erection of permanent residence only.

It is not disputed that the Tretheweys park their motor home on a concrete slab on the lot, hook it up to utility service, and live it in from time to time. This is more than parking the motor home on the lot as a motorized vehicle. It is using the motor home "for occupancy" and runs afoul of the portion of the restriction relating to moving an existing structure onto the land for the purpose of occupancy. The undisputed fact that the Tretheweys use their motor home for occupancy and move it onto the lot

when they do so, brings their motor home in this case within the terms of the restrictive covenants. Accordingly, we overrule their second point of error.[6]

**Attorneys' fees**

In their third point of error, the Tretheweys argue that the district court erred in denying their motion for summary judgment that they are entitled to a declaration that the restrictions are unenforceable as a matter of law, and in failing to award them attorneys' fees under section 37.009 of the Texas Civil Practice and Remedies Code. This point of error is predicated

---

[6] The Tretheweys also argue that the fact that they do not occupy their motor home on the lot at all times, or permanently, changes the analysis. However, the language of the restriction prohibits moving an existing structure onto the land for the purpose of occupancy. There is no time parameter or exception for temporary structures used for the purpose of occupancy. Thus, the intermittent nature of their use of the motor home for occupancy on the lot does not affect the analysis.

We also note that the district court's order declared that the Tretheweys violated restriction number 10, which provides:

> Trailers such as camper trailers (uninhabited), horse trailers, stock trailers, boat trailers, etc., [sic] will be permitted on the premises so long as they are parked on the back side of the permanent dwelling and only after the permanent dwelling is erected.

With regard to this particular restrictive covenant, the district court found that: (1) the Defendants may not park a recreational vehicle in front of their home or to the sides of their home located on Lot 15, and (2) the Defendants violated restriction number 10 of the "SECOND AMENDED RESTRICTIONS, BUILDING REQUIREMENTS AND LANDSCAPING REQUIREMENTS FOR PLEASANT VALLEY ESTATES, UNIT 1, TO THE COMAL COUNTY, TEXAS."

Although the Tretheweys challenged the enforceability and validity of all provisions, they did not challenge the district court's application of this provision to their motor home. Therefore, we decline to determine whether this provision is applicable to the Tretheweys' motor home.

on our finding error in the district court's grant of summary judgment.  We have not found error.

Consequently, we overrule the Tretheweys' third point of error.

**Conclusion**

Having overruled the appellants' points of error, the judgment of the district court is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   March 27, 2009