TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00576-CV






Appellant, Stanley Shook// Cross-Appellants, Terry Walden and Joy Walden,


v.


Appellees, Terry Walden and Joy Walden// Cross-Appellees, Stanley Shook,

Patrick Jaehne and S&J Endeavors, L.L.C.






FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT

NO. 26,747, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING





C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N

 

 I concur with that portion of the majority decision affirming the trial court's refusal
to award the Waldens relief under section 5.079 of the property code. Tex. Prop. Code Ann. § 5.079
(West 2004). With regard to Shook's issues on appeal, I also agree that, as a matter of law, the jury's
finding of single-business enterprise cannot support a judgment against Shook individually. However,
I do not agree with the majority's conclusion that the jury's findings of alter-ego and "sham" do not
support the trial court's judgment against Shook.

 In reaching its conclusion with regard to alter-ego and "sham," the majority recognizes,
and I agree, that the ability to pierce the veil of LLCs exists and has existed since the enactment of
the Texas Limited Liability Company Act in 1991. I also agree with the majority that the veil-piercing restrictions and limitations set forth in article 2.21 of the business corporation act do not, as
a matter of statutory construction, extend to LLCs. Further, I agree with the majority's determination
that the availability of veil-piercing with regard to LLCs, "absent an applicable statute, . . . [is]
governed by extra-statutory equitable principles." However, I disagree with the majority's conclusion
that Texas courts, in determining equity with respect to veil-piercing claims against LLCs, should
nevertheless require a finding of actual fraud--the same requirement statutorily prescribed by
article 2.21. Instead, I would hold that courts should apply the equitable principles and standards
for veil piercing discussed in Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986).

 The supreme court in Castleberry took a flexible approach to veil piercing, focusing
on equity, without regard to intent. Id. at 273 ("Because disregarding the corporate fiction is an
equitable doctrine, Texas takes a flexible fact-specific approach focusing on equity."). As the
Castleberry court noted, "the purpose in disregarding corporate fiction 'is to prevent the use of the
corporate entity as a cloak for fraud or illegality or to work an injustice, and that purpose should not
be thwarted by adherence to any particular theory of liability.'" Id. While the legislature may have
subsequently balanced relevant competing policy interests in adopting the veil-piercing standard
of actual fraud found in article 2.21, the legislature's approach, unlike Castleberry, does not
necessarily focus on equity. See SSP Partners v. Gladstrong Invs. (USA) Corp., 275 S.W.3d 444,
455 (Tex. 2008) (noting that injustice and inequity described in Castleberry reference abuses that
corporate structure should not shield and that article 2.21 takes stricter approach to veil piercing).
Because an extra-statutory, equitable doctrine must focus on equity, I believe that the approach in
Castleberry is the correct approach in the absence of a statutorily mandated standard, as in this case. (1)
Though Castleberry, pronounced more than five years before enactment of the Texas Limited
Liability Company Act, does not directly address the standard for piercing the veil of LLCs, I see no
reason why the equitable principles announced in the opinion do not apply equally to veil piercing
in the context of LLCs. See Taurus IP, LLC v. DaimlerChrysler Corp., 534 F. Supp. 2d 849, 871
(W.D. Wis. 2008) (holding that pursuant to Castleberry no finding of actual fraud was required to
pierce veil of LLC under Texas law).

 Furthermore, because Johnson & Higgins of Texas, Inc. v. Kenneco Energy is
distinguishable from the present case, I believe the majority's reliance on this case is misplaced.
See generally 962 S.W.2d 507, 529-31 (Tex. 1998). The majority relies on Kenneco Energy for the
proposition that "legislative policy judgments and balancing of interests must necessarily inform
judicial application of equitable veil-piercing principles." Prior to Kenneco Energy, the supreme
court in Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549, 552 (Tex. 1985), adopted a
common-law rule allowing, for the first time, recovery of prejudgment interest in personal injury,
wrongful death, and survival actions. (2) However, two years after Cavnar, the legislature adopted a
prejudgment interest statute, providing a statutory framework for calculating prejudgment interest
in certain types of claims. See Kenneco Energy, 696 S.W.2d at 529 (citations omitted). In Kenneco
Energy, the court considered the proper method of calculating prejudgment interest under Cavnar. 
Id. at 528. Ultimately, the court held that the case was governed by the common law rather than the
prejudgment interest statute, but conformed Cavnar and adopted the statute's framework for
calculating prejudgment interest in common-law cases. Id.

 While seemingly analogous, there are several important distinctions between
the present case and Kenneco Energy. First, the supreme court in Kenneco Energy deferred to a
prejudgment interest statute that codified a brief history of common-law equitable prejudgment
interest. In contrast, the availability of equitable veil-piercing claims in Texas predates any statutory
standard by more than thirty years. Compare Torregrossa v. Szelc, 603 S.W.2d 803, 804 (Tex. 1980)
(summarizing basic rule of corporate veil piercing and citing previous Texas Supreme Court cases,
including Pace Corp. v. Jackson, 284 S.W.2d 340 (1955)) and Act of May 12, 1989, 71st Leg., R.S.,
ch. 217, § 1, 1989 Tex. Gen. Laws 974, 974-75, with Kenneco Energy, 962 S.W.2d at 528-29
(explaining that Cavnar overruled eighty-eight years of judicial precedent and adopted rule allowing
recovery of prejudgment interest on personal injury, wrongful death, and survival actions). Further,
in Kenneco Energy, the supreme court simply adopted a statutory method of calculating prejudgment
interest, while leaving fully intact a trial court's discretion to award equitable prejudgment interest.
Citizens Nat'l Bank v. Allen Rae Invs., Inc., 142 S.W.3d 459, 487 (Tex. App.--Fort Worth 2004, no
pet.). The majority's opinion today goes far beyond deferring to a statutory scheme in implementing
a calculation method, preserving no common-law equitable principles with regard to the availability
of veil-piercing claims against LLCs. Given the long-history of equitable veil piercing and the
breadth of the majority's statutory deference, I disagree with the court's reliance on Kenneco Energy
to, in effect, completely ignore the equity-based, veil-piercing principles presented in Castleberry.

 Because I would hold that the equitable principles presented in Castleberry govern
this case, no actual-fraud finding is required for Shook to be held liable under either a veil-piercing
theory of sham to perpetrate a fraud or alter-ego. The undisputed evidence conclusively establishes
that Shook was both a member and manager in S&J, and the jury found that S&J operated as the
alter-ego of Shook and that S&J operated as a sham. Because these findings are supported by the
record, I would affirm the trial court's judgment imposing the award of damages against Shook
individually. For this reason, I respectfully dissent to that portion of the majority's opinion reversing
and rendering in part that the Waldens take nothing on their claims against Shook. Because I agree
with the majority's disposition of Walden's issues, I concur in the remainder of the majority's
decision to affirm in part.


 __________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: March 16, 2012
1. Of course, as the majority points out, the legislature has now provided a statutorily mandated
standard for veil-piercing claims against LLCs in section 101.002 of the Texas Business and
Organizations Code, effective September 1, 2011. Act of April 20, 2011, 82d Leg., R.S., ch. 25,
§§ 1, 2, 2011 Tex. Gen. Laws 45, 45. Thus, the majority opinion is limited to those cases still
governed by common law.
2. The Cavnar court's recognition of prejudgment interest in personal injury, wrongful
death, and survival actions was subsequently judicially expanded to cover a variety of other actions.
See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, 962 S.W.2d 507, 529 (Tex. 1998) (noting
that Cavnar has been expanded to non-personal injury cases).