# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00576-CV

**Appellant, Stanley Shook// Cross-Appellants, Terry Walden and Joy Walden,**

**v.**

**Appellees, Terry Walden and Joy Walden// Cross-Appellees, Stanley Shook, Patrick Jaehne and S&J Endeavors, L.L.C.**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT NO. 26,747, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

I concur with that portion of the majority decision affirming the trial court's refusal to award the Waldens relief under section 5.079 of the property code. Tex. Prop. Code Ann. § 5.079 (West 2004). With regard to Shook's issues on appeal, I also agree that, as a matter of law, the jury's finding of single-business enterprise cannot support a judgment against Shook individually. However, I do not agree with the majority's conclusion that the jury's findings of alter-ego and "sham" do not support the trial court's judgment against Shook.

In reaching its conclusion with regard to alter-ego and "sham," the majority recognizes, and I agree, that the ability to pierce the veil of LLCs exists and has existed since the enactment of the Texas Limited Liability Company Act in 1991. I also agree with the majority that the veil-piercing restrictions and limitations set forth in article 2.21 of the business corporation act do not, as a matter of statutory construction, extend to LLCs. Further, I agree with the majority's determination

that the availability of veil-piercing with regard to LLCs, "absent an applicable statute, . . . [is] governed by extra-statutory equitable principles." However, I disagree with the majority's conclusion that Texas courts, in determining equity with respect to veil-piercing claims against LLCs, should nevertheless require a finding of actual fraud—the same requirement statutorily prescribed by article 2.21. Instead, I would hold that courts should apply the equitable principles and standards for veil piercing discussed in *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986).

The supreme court in *Castleberry* took a flexible approach to veil piercing, focusing on equity, without regard to intent. *Id*. at 273 ("Because disregarding the corporate fiction is an equitable doctrine, Texas takes a flexible fact-specific approach focusing on equity."). As the *Castleberry* court noted, "the purpose in disregarding corporate fiction 'is to prevent the use of the corporate entity as a cloak for fraud or illegality or to work an injustice, and that purpose should not be thwarted by adherence to any particular theory of liability.'" *Id.* While the legislature may have subsequently balanced relevant competing policy interests in adopting the veil-piercing standard of actual fraud found in article 2.21, the legislature's approach, unlike *Castleberry*, does not necessarily focus on equity. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008) (noting that injustice and inequity described in *Castleberry* reference abuses that corporate structure should not shield and that article 2.21 takes stricter approach to veil piercing). Because an extra-statutory, equitable doctrine must focus on equity, I believe that the approach in *Castleberry* is the correct approach in the absence of a statutorily mandated standard, as in this case.[1]

---

[1] Of course, as the majority points out, the legislature has now provided a statutorily mandated standard for veil-piercing claims against LLCs in section 101.002 of the Texas Business and Organizations Code, effective September 1, 2011. Act of April 20, 2011, 82d Leg., R.S., ch. 25, §§ 1, 2, 2011 Tex. Gen. Laws 45, 45. Thus, the majority opinion is limited to those cases still governed by common law.

Though *Castleberry*, pronounced more than five years before enactment of the Texas Limited Liability Company Act, does not directly address the standard for piercing the veil of LLCs, I see no reason why the equitable principles announced in the opinion do not apply equally to veil piercing in the context of LLCs. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 534 F. Supp. 2d 849, 871 (W.D. Wis. 2008) (holding that pursuant to *Castleberry* no finding of actual fraud was required to pierce veil of LLC under Texas law).

Furthermore, because *Johnson & Higgins of Texas, Inc. v. Kenneco Energy* is distinguishable from the present case, I believe the majority's reliance on this case is misplaced. *See generally* 962 S.W.2d 507, 529-31 (Tex. 1998). The majority relies on *Kenneco Energy* for the proposition that "legislative policy judgments and balancing of interests must necessarily inform judicial application of equitable veil-piercing principles." Prior to *Kenneco Energy*, the supreme court in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985), adopted a common-law rule allowing, for the first time, recovery of prejudgment interest in personal injury, wrongful death, and survival actions.[2] However, two years after *Cavnar*, the legislature adopted a prejudgment interest statute, providing a statutory framework for calculating prejudgment interest in certain types of claims. *See Kenneco Energy*, 696 S.W.2d at 529 (citations omitted). In *Kenneco Energy*, the court considered the proper method of calculating prejudgment interest under *Cavnar*. *Id*. at 528. Ultimately, the court held that the case was governed by the common law rather than the

---

[2] The *Cavnar* court's recognition of prejudgment interest in personal injury, wrongful death, and survival actions was subsequently judicially expanded to cover a variety of other actions. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy*, 962 S.W.2d 507, 529 (Tex. 1998) (noting that *Cavnar* has been expanded to non-personal injury cases).

3

prejudgment interest statute, but conformed *Cavnar* and adopted the statute's framework for calculating prejudgment interest in common-law cases. *Id.*

While seemingly analogous, there are several important distinctions between the present case and *Kenneco Energy*. First, the supreme court in *Kenneco Energy* deferred to a prejudgment interest statute that codified a brief history of common-law equitable prejudgment interest. In contrast, the availability of equitable veil-piercing claims in Texas predates any statutory standard by more than thirty years. *Compare Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980) (summarizing basic rule of corporate veil piercing and citing previous Texas Supreme Court cases, including *Pace Corp. v. Jackson*, 284 S.W.2d 340 (1955)) *and* Act of May 12, 1989, 71st Leg., R.S., ch. 217, § 1, 1989 Tex. Gen. Laws 974, 974-75, *with Kenneco Energy*, 962 S.W.2d at 528-29 (explaining that *Cavnar* overruled eighty-eight years of judicial precedent and adopted rule allowing recovery of prejudgment interest on personal injury, wrongful death, and survival actions). Further, in *Kenneco Energy*, the supreme court simply adopted a statutory method of calculating prejudgment interest, while leaving fully intact a trial court's discretion to award equitable prejudgment interest. *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 487 (Tex. App.—Fort Worth 2004, no pet.). The majority's opinion today goes far beyond deferring to a statutory scheme in implementing a calculation method, preserving no common-law equitable principles with regard to the availability of veil-piercing claims against LLCs. Given the long-history of equitable veil piercing and the breadth of the majority's statutory deference, I disagree with the court's reliance on *Kenneco Energy* to, in effect, completely ignore the equity-based, veil-piercing principles presented in *Castleberry*.

Because I would hold that the equitable principles presented in *Castleberry* govern this case, no actual-fraud finding is required for Shook to be held liable under either a veil-piercing

4

theory of sham to perpetrate a fraud or alter-ego. The undisputed evidence conclusively establishes that Shook was both a member and manager in S&J, and the jury found that S&J operated as the alter-ego of Shook and that S&J operated as a sham. Because these findings are supported by the record, I would affirm the trial court's judgment imposing the award of damages against Shook individually. For this reason, I respectfully dissent to that portion of the majority's opinion reversing and rendering in part that the Waldens take nothing on their claims against Shook. Because I agree with the majority's disposition of Walden's issues, I concur in the remainder of the majority's decision to affirm in part.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: March 16, 2012