

In The

## Court of Appeals
### Seventh District of Texas at Amarillo

_____

No. 07-13-00263-CV
_____

BYRON MORGAN, APPELLANT

V.

D&S MOBILE HOME CENTER, INC. AND SHAWN FULLER, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-503,563, Honorable William C. Sowder, Presiding

August 1, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Byron Morgan appeals from summary judgments denying him recovery against D&S Mobile Home Center, Inc. (D&S) and Shawn Fuller.  Morgan contends that the trial court erred in granting those judgments.  We affirm in part and reverse in part.

*Background*

The proceeding before us arose from Morgan's effort to pierce the corporate veil of D&S and hold its sole shareholder (that is, Fuller) liable for damages awarded

Morgan in a previous judgment against the corporation. Morgan had sued D&S for committing deceptive trade practices and fraud. The matter was tried to a jury which rendered a verdict favoring Morgan on both causes of action. However, the trial court entered judgment for Morgan only upon the deceptive trade practice claims. It also included within the judgment a clause denying Morgan all relief not therein awarded. No one disputes the finality of that prior decree.

Upon securing the aforementioned judgment against D&S, Morgan once again sued the corporation. He also added Fuller as a defendant. The sole cause of action asserted against Fuller encompassed effort to pierce D&S' corporate veil and hold him liable for the damages awarded in the prior decree. The claims averred against D&S consisted of a request for an accounting and the imposition of a constructive trust. The corporation moved for summary judgment, contending that the two remedies sought against it were barred by res judicata. Fuller contended, through his motion for summary judgment, that "[p]iercing the corporate veil only accomplishes finding the individual stockholder or officer legally liable for the actual fraud of the corporation. Since the corporation was not found guilty of fraud, the veil cannot be pierced and there can be no individual liability for Defendant Fuller." He further argued that "[e]ven if there is a fact issue on inadequate capitalization, that alone will not support piercing the corporate veil." The trial court granted both motions for summary judgment.

*Summary Judgment Favoring D&S*

On appeal, Morgan argues that res judicata does not prevent him from piercing the corporate veil. Consequently, the trial court erred in holding otherwise.

2

D&S did not assert, via its summary judgment motion, that the defense of res judicata barred effort to pierce the corporate veil and hold Fuller liable for the judgment against it. Again, it said that the defense barred the demands for an accounting and a constructive trust. That argument went unaddressed here, and it was his burden to establish on appeal that the trial court erred. *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex. App.—Houston [14th Dist.] 1993, no writ) (stating that the appellant has the burden on appeal to establish error). Morgan having failed to carry his burden to show that the summary judgment against D&S was improper, we overrule the issue.

*Summary Judgment Favoring Fuller*

Before us, Morgan argues that the jury's finding that D&S committed fraud was not lost or vitiated by the trial court entering judgment based upon the finding that D&S committed a deceptive trade practice and that inadequate capitalization alone is enough to warrant the piercing of the corporate veil. We agree in part and disagree in part.

The adequacy of a corporation's capitalization is one factor to consider when assessing whether the corporate veil should be pierced. *Torregrossa v. Szelc*, 603 S.W.2d 803, 805 (Tex. 1980). It alone does not entitle a complaint to such relief. *Ramirez v. Hariri*, 165 S.W.3d 912, 917 (Tex. App.—Dallas 2005, no pet.); *accord Torregrossa v. Szlec*, 603 S.W.2d at 805 (stating "[t]he court of civil appeals cited *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.), in support of its holding that insufficient capitalization is a sufficient ground to pierce the corporate veil. This case does not support such a holding in that it was there said that '[inadequate] capitalization by itself may not be a sufficient ground to pierce the corporate veil.' The court did recognize that 'grossly inadequate capitalization' is an

3

important factor in determining whether personal liability should be imposed. However, in *Tigrett* the inadequate capitalization came about through a fraudulent scheme on the part of the major stockholder to acquire virtually all of the corporate assets to repay advances he had made."). That the authority cited by Morgan suggests otherwise, *Howell v. Hilton Hotels Corp.*, 84 S.W.3d 708, 715 (Tex. App.—Houston [1st Dist.] 2002, pet. denied), matters not. That opinion was rendered by an intermediate court of appeals. *Torregrossa* was rendered by the Texas Supreme Court, and its opinions trump those from intermediate appellate courts.

As for the matter of fraud, a corporate shareholder may not be held liable to the corporation or its obligees (such as a judgment creditor) with respect to any contractual obligation or other matter relating to or arising from the obligation on the basis of alter ego or actual or constructive fraud, a sham to perpetrate a fraud or other similar theory unless that person caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder. TEX. BUS. ORGS. CODE ANN. § 21.223(a)(2)&(b) (West 2012); *Harco Energy, Inc. v. Re-Entry People, Inc.*, 23 S.W.3d 389, 393 (Tex. App.—Amarillo 2000, no pet.); *accord Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 862-63 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting the need to show that the corporate fiction was used to perpetuate a fraud to primarily benefit the person or entity upon whom liability is sought to be imposed); *Tryco Enters., Inc. v. Robinson*, 390 S.W.3d 497, 507 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (noting the same). Again, Fuller argued that since "the corporation was not found guilty of fraud, the veil cannot be pierced and there can be no individual liability for Defendant Fuller." He was referring to

4

the prior suit against D&S wherein the jury answered yes to questions about D&S committing fraud and deceptive trade practices. The trial court entered judgment, though, only upon the deceptive trade practice findings. This allegedly prevented Morgan from suing Fuller to impress him with the debts of D&S. We disagree.

Again, the jury found that D&S defrauded Morgan. Furthermore, entering judgment favorable to Morgan on a claim other than fraud did not *ipso facto* vitiate that finding or otherwise mean that D&S committed no fraud upon Morgan.

When a party tries a cause on alternative theories and receives favorable findings on both, he has a right to judgment on the theory entitling him to the greatest recovery. *Hargrove v. Trinity Universal Insurance Co.*, 152 Tex. 243, 256 S.W.2d 73 (1953) (holding that when a party tries a case on alternative theories of recovery and a jury returns favorable finding on two or more theories, the party has a right to judgment on the theory entitling him to the greatest relief). Indeed, where the prevailing party fails to elect a remedy, the trial court utilizes the findings affording the greater recovery and renders judgment accordingly. *Drury Southwest, Inc. v. Louie Ledeaux #1, Inc.*, 350 S.W.3d 287, 293 (Tex. App.—San Antonio 2002, pet. denied). Moreover, a party does not necessarily waive a theory of recovery by electing to recover under only one. *Id.*; *see Boyce Iron Works v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988) (holding that when there are favorable findings on alternative theories, the prevailing party may seek recovery under an alternative theory if the judgment is reversed on appeal); *Strebel v. Wimberly*, 371 S.W.3d 267, 286 (Tex. App.—Houston [1ˢᵗ Dist.] 2012, pet. denied) (holding that although the trial court entered judgment on the jury's breach of fiduciary duty finding which was overturned on appeal, the jury also found in

favor of Wimberly in response to oppression questions and the case was remanded for a consideration of the alternative findings).

Simply put, entering judgment on one theory does not automatically vitiate favorable findings encompassing alternative grounds of recovery. So, Fuller did not establish as a matter of law that the manner in which the prior judgment was entered alone barred Morgan from pursuing his effort to pierce the corporate veil. *See Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222-23 (Tex. 1999) (stating that the summary judgment movant must show himself entitled to judgment as a matter of law).

Accordingly, the summary judgment denying recovery against D&S is affirmed. The summary judgment denying recovery against Fuller is reversed, and that cause is remanded to the trial court.


Brian Quinn
Chief Justice