# Supreme Court of Texas

No. 22-1085

Mary Alice Keyes and Sean Leo Nadeau,

*Petitioners,*

v.

David Weller and IntegriTech Advisors, LLC,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE BLAND, joined by Justice Blacklock, Justice Huddle, and Justice Young, concurring.

Business Organizations Code Section 21.223 limits shareholder liability for a corporation's contractual obligations or "any matter relating to . . . the obligation on the basis that the [shareholder] . . . is or was the alter ego of the corporation *or* on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory."[1] Relying on this limitation, the trial court granted summary judgment in favor of limited liability company officers who allegedly

[1] Tex. Bus. Orgs. Code § 21.223(a)(2) (emphasis added).

committed fraud during conversations with the plaintiff about his potential employment. The court of appeals reversed, limiting Section 21.223 to "traditional veil piercing theories."[2]

As the Court clarifies today, summary judgment was improper because the officer defendants adduced no evidence demonstrating that the statements made to the plaintiff about company employment were in an owner's role rather than as corporate officers acting on behalf of the company. I join the Court's opinion and write to emphasize this distinction. Section 21.223 remains a shield against a suit seeking to impose liability based on shareholder conduct for matters relating to a corporate contractual obligation unless the shareholder directly benefits from the transaction.

\* \* \*

"A bedrock principle of corporate law is that an individual can incorporate a business and thereby normally shield himself from personal liability for the corporation's contractual obligations."[3] The corporate form is not a veil but armor. It protects owners, officers, and employees alike from the obligations of the corporation. Disregarding the corporate entity, while possible, is "an exception to the general rule

---

[2] 684 S.W.3d 496, 501 (Tex. App.—Austin 2022) (quoting *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 667 (W.D. Tex. 2019)).

[3] *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006); *see also* 3 Ira P. Hildebrand, The Law of Texas Corporations § 924 (1942) ("One of the business reasons for organizing a corporation is to escape personal liability on the part of the stockholders for the obligations of the company."); Byron F. Egan, Egan on Entities § 2.4.1 (4th ed. 2023) ("In corporate law, it is fundamental that shareholders, officers, and directors are ordinarily protected from personal liability arising from the activities of the corporation.").

which forbids disregarding corporate existence."[4] As we have repeatedly cautioned, the law imposes individual liability only in "extraordinary circumstances."[5]

We have reinforced the strength of the corporate form against a variety of attempts to circumvent it. A claim that sounds in negligence against a corporation does not impose individual liability on a corporate agent unless the law imposes a duty of care on the agent arising independently from corporate conduct.[6] A corporate agent is not liable for tortious interference with the corporation's contract because "a party cannot tortiously interfere with its own contract," unless the agent acts "so contrary to the corporation's best interests that his actions could only have been motivated by personal interests."[7] Nor will a parent corporation assume the liabilities of a subsidiary, even when the parent appoints or shares directors.[8]

Though exceptions to the corporate form's protections developed over time at common law, robust statutory protection for shareholders has displaced that common law. Business Organizations Code

---

[4] *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984) (quoting *First Nat'l Bank in Canyon v. Gamble*, 132 S.W.2d 100, 103 (Tex. 1939)).

[5] *Sagebrush Sales Co. v. Strauss*, 605 S.W.2d 857, 860 (Tex. 1980) (citing *Torregrossa v. Szelc*, 603 S.W.2d 803 (Tex. 1980); *Bell Oil & Gas Co. v. Allied Chem. Corp.*, 431 S.W.2d 336 (Tex. 1968); *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex. 1962); *Pace Corp. v. Jackson*, 284 S.W.2d 340 (Tex. 1955)).

[6] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Tri v. J.T.T.*, 162 S.W.3d 552, 562–63 (Tex. 2005).

[7] *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995).

[8] *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 660–61 (Tex. 2023).

Section 21.223 shields shareholders and their affiliates from liability for "any contractual obligation of the corporation or any matter relating to or arising from the obligation" on the basis of alter ego, actual or constructive fraud, sham to perpetrate fraud, "or other similar theory."[9] A caveat to that protection arises when the shareholder or affiliate commits actual—not constructive—fraud primarily for the shareholder's direct personal benefit.[10] Otherwise, Section 21.223's shield "is exclusive and preempts any other liability imposed for that obligation under common law or otherwise."[11]

Section 21.223 thus significantly curtails claims against shareholders aimed at directly imposing shareholder liability for the company's obligations or for matters relating to those obligations. The statute vitiates some common-law exceptions that developed over time in disregard of the corporation as an independent entity. In *Willis v. Donnelly*, interpreting an earlier version of Section 21.223, we rejected shareholder liability on a theory that the shareholders had accepted

---

[9] Tex. Bus. Orgs. Code § 21.223(a)(2). Though Section 21.223 refers to "corporations," defined in Chapter 21 as "a domestic for-profit corporation subject to this chapter," *id.* § 21.002(5), various provisions in the Business Organizations Code make these terms applicable to other types of business organizations. *See, e.g.*, *id.* § 101.002(a).

[10] *Id.* § 21.223(b) (providing that subsection (a)(2) does not apply if the plaintiff "demonstrates that the [shareholder] . . . caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the [shareholder]"). Section 21.223 also does not apply if the defendant "expressly assumes, guarantees, or agrees to be personally liable" or "is otherwise liable to the obligee for the obligation under this code or other applicable statute," *id.* § 21.225, exceptions not discussed by the parties.

[11] *Id.* § 21.224.

benefits under a corporate contract upon ratifying it.[12] "To impose liability against the [shareholders] under a common law theory . . . would contravene the statutory imperative that, absent actual fraud [primarily for the direct personal benefit of the shareholder] . . . a shareholder may not be held liable for contractual obligations of the corporation."[13] Because the jury in *Willis* did not find fraud, Section 21.223 protected the shareholders from liability for the corporation's obligations.

Section 21.223's protection extends to "a limited liability company and the company's members, owners, assignees, affiliates, and subscribers."[14] Notably excluded from Section 21.223 and the limited liability company statute incorporating shareholder protection are corporate officers, employees, and agents of the corporation.[15] As the Court properly holds, without a firm grasp of a business organization's

---

[12] 199 S.W.3d at 272–73.

[13] *Id.*

[14] Tex. Bus. Orgs. Code § 101.002(a). Section 101.002's extension of Section 21.223 to limited liability companies is "subject to Section 101.114," which provides that "[e]xcept as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." *Id.* § 101.114. The officer defendants in this case do not invoke Section 101.114 or analyze the scope of its protection.

[15] Although the Code defines "affiliate" as "a person who controls, is controlled by, or is under common control with another person," *id.* § 1.002, the officers and employees of a corporation are not the "affiliates" of a corporation. When acting in their corporate capacity, officers and employees *are* the corporation. Just as a corporation cannot tortiously interfere with itself, *Holloway*, 898 S.W.2d at 796, nor can a corporation "affiliate" with itself.

governing documents and the scope of the authority granted to those who act on behalf of the corporation, Section 21.223 does not limit liability for officers, employees, and agents who otherwise could be held individually liable for fraud at common law.

When a defendant holds roles both as a shareholder and an officer of a corporation, as the defendants in this case do, the statute shields the shareholder, who has a corporate identity distinct from that of the officer. The Court's opinion appropriately distinguishes the role of the shareholder from that of a corporate officer and concludes that Section 21.223, standing alone, does not shield conduct unrelated to the shareholder role.

Section 21.223, however, is not without vitality. Conduct done not as a corporate officer but instead as an owner of an organization remains shielded from lawsuits seeking to impose liability for corporate obligations if that conduct falls within Section 21.223's purview. Shareholders exercise a panoply of rights derived from shareholder agreements and from the Business Organizations Code, including, for example, establishing and amending a shareholder agreement,[16] voting in directors,[17] and voting on fundamental actions.[18] When a shareholder

---

[16] Tex. Bus. Orgs. Code § 21.101.

[17] *Id.* § 21.359.

[18] *Id.* § 21.364. One of the first considerations in examining the scope of liability is the type of business organization involved and its governing documents—e.g., a limited liability company, a limited partnership, a corporation, a close corporation—as the Code distinguishes the rights and responsibilities among them in nuanced ways. The officer defendants identified the organization involved as a limited liability company but did not proffer any governing documents.

acts pursuant to the rights or obligations of *ownership*, the shareholder is not acting as an agent of the corporation.

As the Court notes, in this case we have no occasion to decide the scope of Section 21.223 when a shareholder invokes it in a suit seeking to impose shareholder liability for a corporate obligation premised on shareholder conduct. The courts that have interpreted Section 21.223 thus far mostly have considered its effect on persons who hold dual roles as both shareholders and officers.[19] Nothing in the Court's opinion, or in the lower court opinions addressing actions of shareholder–officers, should be taken as an indication that common-law theories of liability eclipse the protections Section 21.223 affords shareholders from claims seeking to impose liability for a corporate obligation based on shareholder conduct. Whether a shareholder could ever be liable for a matter relating to a contractual obligation of the company in the absence of a showing of the shareholder's direct personal benefit is doubtful, as the statute broadly covers not just "alter ego" but also "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory."[20]

---

[19] *E.g.*, *TecLogistics, Inc. v. Dresser-Rand Grp., Inc.*, 527 S.W.3d 589, 596–97 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding Section 21.223 bars corporation's "owner and president" from liability for fraud); *Kingston v. Helm*, 82 S.W.3d 755, 766 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied) (determining that the "fact that [the defendant] is a shareholder or an owner or an officer of [the corporation] is not relevant to the question of whether he can be held individually liable for his own tortious conduct").

[20] Tex. Bus. Orgs. Code § 21.223(a)(2).

A defendant's ownership interest in a business organization is not alone sufficient to conclude Section 21.223 applies. But if the defendant establishes that the conduct alleged is shareholder conduct, not an act of the corporation itself, then the defendant may invoke Section 21.223, subject to the specific parameters governing the type of business organization involved.[21]

\* \* \*

The present case is before us on summary judgment, and the sole question is whether Mary Alice Keyes and Sean Leo Nadeau are entitled to invoke Section 21.223 as a defense to David Weller's fraud claims. In their motion for summary judgment, Keyes and Nadeau assert that the statute applies because they made all representations in their "corporate capacities" or "capacities as authorized agents of [MonoCoque Diversified Interests, LLC]." Thus, they concede that they, at least in some sense, acted on behalf of the company, not as its owners.

Keyes and Nadeau adduced no evidence regarding MonoCoque's corporate structure. They adduced no evidence of their roles at MonoCoque, nor evidence that they made the statements that Weller alleges constituted fraud as members of the company entitled to a Section 21.223 defense. By their own telling, some evidence exists that

---

[21] These parameters in some cases may limit Section 21.223's reach. For example, shareholders of a close corporation may be subject to liabilities imposed on directors for managerial acts when the corporation does not appoint officers and directors. *See id.* §§ 21.727, 21.729. The Business Organizations Code comprises numerous interlocking puzzle pieces. Invocation of one statute is nearly always informed by others defining the entity involved and the scope of various rights and obligations of the entity's owners and managers.

the statements were made as officers or agents of MonoCoque.[22] Because Keyes and Nadeau did not meet their burden to show that the statutory defense applies as a matter of law, summary judgment was inappropriate. Accordingly, I join the Court's opinion and concur in its judgment.

Jane N. Bland
Justice

**OPINION FILED:** June 28, 2024

---

[22] Beyond the motion for summary judgment's characterization of the capacity as one of agency, the unsigned term sheet the defendants attached to their motion identifies Keyes as the signatory for MonoCoque, in her capacity as "Operating Executive."